STATE OF MAINE

KENNEBEC, ss.

REC'D & FILED
Nancy A. Desjardin

MAY 29 2003

Clerk of Courts
Kennebec County

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-02-441
ⒹHM- ‹ ‹ / J - ᵒ ᵒᵌ ₚₒₒᵌ

STATE OF MAINE

v.

KIM TRAN,

Defendant

ORDER ON MOTION
TO SUPPRESS

DONALD L. GARBRECHT
LAW LIBRARY

AUG 6 2003

This matter is before the court upon defendant's motion to suppress due to extraterritorial stop.

On May 24, 2002, Officer Harwood of the Gardiner Police Department, then of the Hallowell Police Department, noted a motor vehicle traveling 31 m.p.h. in a 25 m.p.h. zone at approximately 1:00 a.m. on Winthrop Street. The officer proceeded to follow the vehicle to the intersection of Winthrop Street and the Whitten Road. He observed the vehicle making a wide sweeping right-hand turn onto the Whitten Road, so wide that the vehicle entered the Whitten Road in the left lane. He then noted the vehicle travel onto the shoulder, then cross over the middle yellow line, then cross onto the shoulder at a location approximately at the boundary line between the City of Hallowell and the City of Augusta. Immediately upon crossing the boundary line, the officer activated his blue lights but the vehicle did not stop. Consequently, the officer activated his siren. The pursued vehicle went off the road onto the shoulder and further on stopped. Officer Harwood then radioed the Augusta Dispatch of his activities.

Title 30-A M.R.S.A. § 2671(2) provides, among other things:

The police officer has any authority in criminal or traffic infraction matters beyond the limits of a municipality in which the officer is appointed, except:

E.     Arrest a person who travels beyond the limits of a municipality in which the officer is appointed when in fresh pursuit of that person . . .

As used in this paragraph:

(2)     With respect to class D and class E crimes and traffic infractions, 'fresh pursuit' means instant pursuit of a person with intent to apprehend;

The court has examined a line of cases in this regard including *State v. Harding*, 508 A.2d 471 (Me. 1986); *State v. Monteith*, 519 A.2d 187 (Mer. 1986); *State v. Hatch*, 614 A.2d 1299 (Me. 1992); *State v. Jolin*, 639 a.2d 1062 (Me. 1994); *State v. Pike*, 642 A.2d 145 (Me. 1994); *State v. Rideout*, 761 A.2d 288 (Me. 2000); and finally, and most recently, *State v. Menard*, 2003 ME 69. In *Menard*, a Brunswick police officer observed a motor vehicle stopped at a stop sign for an "inordinate amount of time." The officer then observed the vehicle turn left in a very wide radius. As the officer was observing the vehicle cross the dividing line between the towns of Brunswick and Topsham, he clocked the vehicle at 55 to 60 m.p.h. in a 45 m.p.h. zone. The officer advised his dispatcher and requested a call to the Topsham Police Department because he believed the driver was operating under the influence. However, concerned that the level of traffic in the area and operation of the driver represented a hazard, he chose not to wait for the Topsham police but stopped the vehicle on his own.

The court noted that the Constitutions of the United States and Maine require only the presence of a reasonable and articulable suspicion in order for an officer to make a valid investigatory stop of a vehicle. *State v. Rideout*, 761 A.2d 288, 290 (Me. 2000). It further noted that reasonable and articulable suspicion is an easier standard to meet than probable cause. *Id.* The court then noted that it had previously decided that speeding is an articulable fact that warrants an investigatory stop (citing *State v. Bolduc*, 722 A.2d 44, 45). The court also noted that it had previously concluded that an unusual

2

turn may warrant an investigatory stop (citing *State v. Dulac*, 600 A.2d 1121 (Me. 1992)) (finding that it was objectively reasonable for the trooper to suspect that the defendant was operating under the influence when the trooper saw the defendant make a very wide turn that caused part of the vehicle to leave the paved surface of the road). The court refers us to *State v. Harding* for the proposition that an officer's authority is measured at the moment of the arrest and by the nature of the offense. In doing so, it quotes the language from *State v. Hatch*, 614 A.2d 1299. In that case, a Bangor officer observed a vehicle undertaking suspicious activity in Bangor and followed it to Brewer. Contrary to the argument of defendant in the present case, the intent to apprehend must exist at the time of crossing of the municipal boundary line, and the court looked to the facts existent at the time of the arrest saying, "These observations gave rise to a reasonable suspicion that the defendant was operating under the influence in Bangor. The fact that the most incriminating observations took place in Brewer, instead of Bangor, is not relevant to the issues before us." *Hatch*, 614 A.2d at 1303. Accordingly, in the instant case, at the time of the officer's stop in Augusta, he had articulable and reasonable suspicion to believe, indeed, probable cause to believe, that the defendant was operating under the influence in Hallowell even though some of the suspicious activity may have taken place in Augusta.

The entry will be:

Defendant's motion to suppress due to extraterroritial stop is DENIED.

Dated: May __2̸8̸__, 2003

Donald H. Marden
Justice, Superior Court

3

STATE OF MAINE
  vs
KIM M TRAN
92 A WESTERN AVE
AUGUSTA ME 04330

DOB: 08/23/1977
Attorney: WALTER MCKEE
          LIPMAN & KATZ PA
          227 WATER STREET
          PO BOX 1051
          AUGUSTA ME 04332-1051

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2002-00441

**DOCKET RECORD**

State's Attorney: BRIAN MAHANY

Filing Document: CRIMINAL COMPLAINT
Filing Date: 08/13/2002

Major Case Type: MISDEMEANOR (CLASS D,E)

**Charge(s)**

1   OPERATING UNDER THE INFLUENCE              05/24/2002 HALLOWELL
    29-A   2411(1)                Class D
    HARWOOD            / HAL

**Docket Events:**

11/15/2002 Charge(s):  1
           TRANSFER -  TRANSFER FOR JURY TRIAL EDI ON 11/15/2002 @ 22:00

           FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 08/13/2002

           Charge(s):  1
           MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 06/14/2002

           Charge(s):  1
           MOTION -  MOTION FOR DISCOVERY FILED BY DEFENDANT ON 06/14/2002

           Charge(s):  1
           MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 09/20/2002

           MOTION TO SUPPRESS DUE TO EXTRATERRITORIAL STOP
           Charge(s):  1
           HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 11/15/2002 @ 8:30

           NOTICE  TO PARTIES/COUNSEL
11/19/2002 Charge(s):  1
           TRANSFER -  TRANSFER FOR JURY TRIAL RECVD BY COURT ON 11/18/2002

           TRANSFER FROM AUGDC CR02-2044.
12/23/2002 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 01/06/2003 @ 9:00

           NOTICE  TO PARTIES/COUNSEL
01/24/2003 HEARING -  MOTION TO SUPPRESS NOT HELD ON 01/07/2003

01/24/2003 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 01/27/2003

NOTICE TO PARTIES/COUNSEL
01/24/2003 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 01/24/2003

01/29/2003 Charge(s): 1
HEARING - MOTION TO SUPPRESS NOT HELD ON 11/15/2002

01/29/2003 Charge(s): 1
MOTION - MOTION FOR DISCOVERY GRANTED ON 11/01/2002

COPY TO PARTIES/COUNSEL     MOTION WAS GRANTED IN DISTRICT COURT.
01/29/2003 MOTION - MOTION TO CONTINUE GRANTED ON 01/27/2003
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL
01/29/2003 HEARING - MOTION TO SUPPRESS CONTINUED ON 01/27/2003

04/11/2003 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 05/05/2003 @ 9:00

NOTICE TO PARTIES/COUNSEL
04/11/2003 TRIAL - DOCKET CALL SCHEDULED FOR 05/08/2003 @ 9:30

05/29/2003 HEARING - MOTION TO SUPPRESS HELD ON 05/05/2003
DONALD H MARDEN , JUSTICE
Attorney: WALTER MCKEE
DA: JAMES MITCHELL        Reporter: LAURIE GOULD
Defendant Present in Court
05/29/2003 Charge(s): 1
MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 05/05/2003
DONALD H MARDEN , JUSTICE
05/29/2003 Charge(s): 1
MOTION - MOTION TO SUPPRESS DENIED ON 05/28/2003
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL
05/29/2003 TRIAL - DOCKET CALL HELD ON 05/08/2003
DONALD H MARDEN , JUSTICE
Attorney: WALTER MCKEE
DA: JAMES MITCHELL        Reporter: LAURIE GOULD
Defendant Present in Court

MOTION TO SUPPRESS PENDING AND TO SCHEDULED FOR HEARING

A TRUE COPY
ATTEST: _____
                    Clerk