STATE OF MAINE

KENNEBEC, ss.

REC'D & FILED
N   A Desjardin

JUN 04 2003

C     f Courts
Kennebec County

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-02-445

STATE OF MAINE

v.

ARNOLD BIONDI,

Defendant

DECISION AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

AUG 7 2003

This matter is before the court on a motion to suppress which seeks an order excluding evidence obtained as a result of a motor vehicle stop of the defendant in Manchester by Hallowell Police Officer Stephen Naas. The defendant claims there was no articulable suspicion for the stop and its execution violated the "fresh pursuit" statute, 30-A M.R.S.A.A § 2671(2)(E).

At the hearing on this motion, the State presented Officer Naas who testified that at about 10:40 p.m. on July 5, 2002, he observed a large white sedan proceeding westerly on Winthrop Street. Naas estimated the vehicle was traveling 45 M.P.H. in this 35 M.P.H. zone.[1] As a result of this apparent infraction, he decided to follow the vehicle as it proceeded in this direction. Because the white car was traveling at this speed, Naas did not catch up to it for a period of time. Nevertheless, he did observe it travel uphill and then through twists and turns without difficulty until the vehicle was at or near the town line with Manchester. At about that point, the car crossed the centerline – an unusual maneuver at that particular place in the highway, according to Naas. As a result, he decided to follow the car as it proceeded into Manchester. After he had done so, he saw the vehicle cross the centerline two or three more times, the last of such events resulting in the car also turning back on to the shoulder.

---

[1] The speed limit changed to 45 M.P.H. a short distance up the road.

During this journey, Naas radioed the Kennebec County Sheriff's Department and reported that he was behind an intoxicated driver. He made this call because he was out of his jurisdiction and Manchester is in Kennebec County. The sheriff's dispatcher advised Naas that they had an officer "minutes away." When no deputy appeared, Naas radioed the dispatcher again asking for assistance as he had observed the vehicle he was following cross the centerline another time. In response, the dispatcher asked Naas to stop the vehicle.

At about this point the two vehicles had arrived at the intersection with Route 202 and had turned left. At the next intersection, a short distance away, Naas put on his blue lights. After the two cars had passed this intersection, and because the white sedan did not stop, Naas turned on his siren at the next intersection, a short distance from the last, which did result in the vehicle pulling over. At this point, Naas approached the vehicle and its driver where he was joined a minute later by a Kennebec deputy who had arrived at this scene.

At the outset of any discussion of the pertinent issues in this case, it must be found that Officer Naas had articulable suspicion to stop the defendant's vehicle in Hallowell as he had observed it violating one of our motor vehicle laws, namely speeding. 29-A M.R.S.A. § 2074. *See State v. Bolduc*, 1998 ME 255, ¶ 6, 722 A.2d 44, 45. The defendant argues, however, that because the officer did not do so and, instead, followed his car into Manchester, the articulable suspicion to stop evaporated because Naas had no "intent to apprehend" the defendant as he followed him into Manchester. *See* 30-A M.R.S.A. § 2671(2)(E)(2). Thus, the defendant says, even though the officer observed him operating erratically in another town he was bound by law to forbear from taking any action. That the officer did not do so, the defendant says, should result

2

in a suppression order as to any observations made or evidence seized as the result of this "illegal" stop.

Recent case law, however, clarifies that "an officer's authority is measured at the moment of the arrest and by the nature of the offense that the defendant is arrested for regardless of the nature of the offense that caused the investigation to begin." *State v. Menard*, 2003 ME 69, ¶ 11,_____ A.2d _____. Thus, here, even though Officer Naas' original observation of the defendant's vehicle might merely raise articulable suspicion of the commission of a traffic infraction, his further observations in another town would yield the same level of suspicion to stop the defendant for OUI which, of course, would have been committed in Hallowell just as it had been in Manchester because of the continuing nature of the offense.

As importantly, as the Law Court in *Menard* explains, the stop of a vehicle in another town is fully justified when it creates an immediate danger by its erratic operation. As such, Officer Naas, just as the officer in *Menard*, committed no wrong when he stopped a vehicle being driven erratically after he had followed it from his town to another. Such justification is all the more compelling in this case because Officer Naas twice asked a police department with appropriate jurisdiction to make the stop and ultimately did so himself at its request when it could not respond quickly enough. Under such circumstances, it is difficult to imagine that the Legislature would have wished to discourage such important public safety intervention simply because an officer lacked the "intent to apprehend" when following an offending vehicle from one town to another.

Finally, it is worth pointing out that the Legislature created no remedy for a defendant who has been apprehended by an officer who violates the fresh pursuit statute. Certainly suppression of evidence, which is ordinarily associated with a police

3

officer's violation of a suspect's constitutional rights in order to discourage serious police misbehavior, is an inappropriate remedy when an officer's error violates a statute of no constitutional import. That is to say, there is no constitutional right associated with a statutory policy of having municipal police officers act within the boundaries of their own town, nor with the arguable desirability of having a suspect apprehended by a certain type of law enforcement official, particularly in Maine where all law enforcement officers received the same training and enforce all State laws. 25 M.R.S.A. § 2804-C(1).

From all this, the court must conclude that the defendant's stop in Manchester was lawful and the motion to suppress must be DENIED.

So ordered.

June 4, 2003

John R. Atwood
Justice, Superior Court

STATE OF MAINE
  vs
ARNOLD BIONDI
BOX 85 RT 106
LEEDS ME 04263

DOB: 03/05/1925
Attorney: SEAN FARRIS
      FARRIS HESELTON LADD & BOBROWIECKI, PA
      251 WATER STREET
      PO BOX 120
      GARDINER ME 04345-0120

SUPERIOR COURT
KENNEBEC, ss.
Docket No AUGSC-CR-2002-00445

**DOCKET RECORD**

State's Attorney: BRIAN MAHANY

## Charge(s)

1    OPERATING UNDER THE INFLUENCE      **07/05/2002 MANCHESTER**
    29-A   2411(1)         **Class D**

## Docket Events:

11/21/2002 Charge(s): 1
      TRANSFER - TRANSFER FOR JURY TRIAL EDI ON 11/21/2002 @ 22:00

      FILING DOCUMENT - CASH BAIL BOND FILED ON 07/08/2002

      MOTION - MOTION EXPERT WITNESS REPORT FILED BY DEFENDANT ON 09/25/2002

11/21/2002 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 09/25/2002

      MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 09/25/2002

      MOTION - OTHER MOTION FILED BY DEFENDANT ON 09/25/2002

      MOTION FOR PREPARATION OF EXPERT REPORTS
11/25/2002 Charge(s): 1
      TRANSFER - TRANSFER FOR JURY TRIAL RECVD BY COURT ON 11/25/2002

      AUGUSTA DISTRICT COURT DOCKET NO: CR-02-1717
11/25/2002 BAIL BOND - $100.00 CASH BAIL BOND FILED ON 11/25/2002

      Bail Receipt Type: CR
      Bail Amt: $100
                          Receipt Type: CK
      Date Bailed: 07/06/2002     Prvdr Name: ARNOLD BIONDI
                            Rtrn Name: ARNOLD BIONDI

      **Conditions of Bail:**
12/23/2002 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 01/06/2003 @ 9:00

      NOTICE TO PARTIES/COUNSEL. MOTION FOR PREPATATION OF EXPERT REPORTS.
01/24/2003 HEARING - MOTION FOR DISCOVERY NOT HELD ON 01/06/2003

Printed on: 06/04/2003

RESOLVED.
01/24/2003 MOTION -  MOTION FOR DISCOVERY MOOT ON 01/24/2003

RESOLVED AT LAST MOTION LIST
01/24/2003 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 01/27/2003

NOTICE  TO PARTIES/COUNSEL
01/24/2003 MOTION -  MOTION TO CONTINUE FILED BY STATE ON 01/24/2003

NO OBJECTION BY DEFENSE COUNSEL
01/29/2003 MOTION -  MOTION TO CONTINUE GRANTED ON 01/27/2003
           DONALD H MARDEN , JUSTICE
           COPY TO PARTIES/COUNSEL
01/29/2003 HEARING -  MOTION TO SUPPRESS CONTINUED ON 01/27/2003

04/10/2003 TRIAL -  DOCKET CALL SCHEDULED FOR 05/08/2003 @ 9:30

04/17/2003 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 05/05/2003 @ 9:00

NOTICE  TO PARTIES/COUNSEL
04/23/2003 MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 04/23/2003

04/24/2003 LETTER -  REQUEST FOR PROTECTION FILED ON 04/18/2003

Attorney:  SEAN FARRIS
REQUEST TO BE EXCUSED FROM CALL OF DOCKET.
04/24/2003 LETTER -  REQUEST FOR PROTECTION GRANTED ON 04/23/2003
           DONALD H MARDEN , JUSTICE
           GRANTED.  COPIES MAILED TO ATTYS.
04/24/2003 MOTION -  MOTION TO CONTINUE GRANTED ON 04/23/2003
           DONALD H MARDEN , JUSTICE
           COPY TO PARTIES/COUNSEL
           TO NEXT AVAILABLE LIST.                                    CASE CONTINUED
04/24/2003 TRIAL -  DOCKET CALL CONTINUED ON 04/23/2003
           DONALD H MARDEN , JUSTICE
05/20/2003 HEARING -  MOTION TO SUPPRESS CONTINUED ON 05/05/2003

05/20/2003 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 06/03/2003 @ 9:00

NOTICE  TO PARTIES/COUNSEL
05/29/2003 HEARING -  MOTION EXPERT WITNESS REPORT SCHEDULED FOR 06/03/2003 @ 9:00

05/29/2003 HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 06/03/2003 @ 9:00

NOTICE  TO PARTIES/COUNSEL
06/04/2003 HEARING -  MOTION FOR DISCOVERY NOT HELD ON 06/03/2003

06/04/2003 HEARING -  MOTION EXPERT WITNESS REPORT NOT HELD ON 06/03/2003

06/04/2003 HEARING -  MOTION TO SUPPRESS HELD ON 06/03/2003
           JOHN R ATWOOD , JUSTICE
           Attorney:  SEAN FARRIS
           DA:  PAUL RUCHA        Reporter: LAURIE GOULD

Defendant Present in Court
06/04/2003 MOTION -  MOTION TO SUPPRESS UNDER ADVISEMENT ON 06/03/2003
           JOHN R ATWOOD , JUSTICE
06/04/2003 MOTION -  MOTION TO SUPPRESS DENIED ON 06/04/2003
           JOHN R ATWOOD , JUSTICE
           COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST:    _____
                        Clerk