1/8/04

STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-03-399
SKS – KEN 1/8/2004

STATE OF MAINE,

v.

EARL E. MOORE,

Defendant

DECISION ON MOTION
TO SUPPRESS

DONALD L. GARBRECHT
LAW LIBRARY

JAN 29 2004

This matter comes before the State on the defendant's motion to suppress certain evidence acquired as the result of a vehicle stop/detention in violation of the defendant's Maine and United States constitutional rights. Finding no violation of those rights, the motion will be denied.

## Facts

In the early morning of August 20, 2003, Officer Shawn Porter of the Augusta Police Department was on patrol. As the officer approached the Bridge Street Tavern a little after closing time, he noticed a blue station wagon pull out of the tavern parking lot and proceed up Bridge Street. The officer continued driving up Bridge Street behind the vehicle and noticed that it was driving a little faster than most vehicles. When the station wagon turned right on State Street, the officer decided to follow and was led into a small neighborhood which would eventually lead back to the starting point on Bridge Street. The officer lost sight of the vehicle he was following but his curiosity was piqued as to why the vehicle appeared to be making a loop. Therefore, he returned to the neighborhood, turned off his lights, and pulled into a dooryard to see if he could find out what was going on. Eventually, the officer saw some lights go on and the same vehicle he had been following before pulled out and returned to Bridge Street. The officer followed. Going across State Street and continuing up Bridge Street, the officer

made a visual estimate of the speed of the vehicle in front of him as 45 m.p.h. in what was at that point a 25 m.p.h. speed zone. The officer is a Maine Criminal Justice Academy graduate and trained and certified, both at the Academy and by the Augusta Police Department, in the visual estimate of speed.

The officer continued to follow the vehicle up Bridge Street to a point where the street ended in a dead-end. Other than the estimated excessive speed, the officer detected no erratic operation and at no point during the entire episode did the officer turn on either his blue lights or siren. The station wagon pulled into a dooryard at the end of the street and the officer pulled in behind the vehicle, to get answers to his questions concerning the speed he observed and the suspicious stops and route. As the driver and occupants of the station wagon and the officer got out of their respective vehicles, the driver of the suspect car asked the officer with some profanity whether the officer had a problem and why the officer was following him. The driver became upset and yelled at the officer. The driver could not remember who lived at the house where they had turned in and indicated that he thought it was on an entirely different street.

## Discussion

Viewing the facts set forth above, the court concludes that a stop or detention of the defendant occurred at the point where the officer pulled his cruiser in behind the defendant's vehicle and blocked or hindered the vehicle from proceeding. Therefore, the question is whether there was a constitutionally sufficient basis for the officer to have taken that action. The defendant points to the fact that there was no erratic operation of the vehicle, that the officer had received no tips concerning possible criminal activity and there were no objective indicia of such criminal activity taking place. On the other hand, the State points to the officer's visual estimate of the

defendant's speed, the suspicious route driven by the defendant and the officer's immediate observations upon leaving his cruiser.

In order to be constitutionally justified, a vehicle stop must be based on a showing of articulable suspicion of criminal activity and a showing that the suspicion was objectively reasonable in light of the totality of the circumstances. *State v. Lux,* 1999 ME 136, ¶ 8, 740 A.2d 556, 558; citing *State v. Lear,* 1998 ME 273, ¶ 5, 722 A.2d 1266, 1267. Among those circumstances, an observation of a vehicle being driven faster than the speed limit has been held to be an articulable fact sufficient for an investigatory stop, whether or not a reasonable officer would normally have stopped the vehicle for such speeding. *State v. Bolduc,* 1998 ME 255, ¶ 6, 722 A.2d 44, 45. The fact that in this case the officer's measure of the defendant's vehicle speed was based on a visual estimate rather than more definitive scientific measurement is immaterial, at least for establishing the officer' s state of mind. Furthermore, it has been held that vehicles may be stopped for investigation for infractions as minor as a lane marking violation, under the rubric of "community caretaking" or "safety stops." *State v. Pinkham* 565 A.2d 318 (Me. 1989).

Given the totality of the circumstances in the present case, the court finds beyond a reasonable doubt that the officer was fully justified in making the vehicle stop/interruption to satisfy his reasonable and articulable suspicion triggered by the vehicle's speed and unusual route.

The entry will be:

Motion to suppress is DENIED.

Dated: January _8_, 2004

_____
S. Kirk Studstrup
Justice, Superior Court

STATE OF MAINE
   vs
EARL E MOORE
669 EASTERN AVENUE, APT. #1
AUGUSTA ME 04330

DOB: 09/21/1970
Attorney: TAYLOR FAWNS
       OFFICE OF WILLIAM J KELLEHER
       7 EAST CRESCENT STREET
       AUGUSTA ME 04330
       APPOINTED 09/25/2003

Filing Document: INDICTMENT
Filing Date: 09/12/2003

SUPERIOR COURT
KENNEBEC, ss.
Docket No AUGSC-CR-2003-00399

**DOCKET RECORD**

State's Attorney: EVERT FOWLE

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1   OPERATING UNDER THE INFLUENCE        08/20/2003 AUGUSTA
   29-A   2411(1)         Class C
   PORTER        / AUG

2   CRIMINAL MISCHIEF             08/20/2003 AUGUSTA
   17-A   806(1)(B)      Class D
   PORTER        / AUG

3   OPERATING AFTER SUSPENSION     08/20/2003 AUGUSTA
   29-A   2412-A(1)      Class E
   PORTER        / AUG

## Docket Events:

09/12/2003 FILING DOCUMENT - INDICTMENT FILED ON 09/12/2003

      TRANSFER - BAIL AND PLEADING REQUESTED ON 09/12/2003

09/12/2003 TRANSFER - BAIL AND PLEADING GRANTED ON 09/12/2003

09/12/2003 SUMMONS/SERVICE - SUMMONS TO APPEAR FOR ARRAIGN ISSUED FOR 09/12/2003

09/15/2003 Charge(s): 1,2,3
      HEARING - ARRAIGNMENT SCHEDULED FOR 09/19/2003 @ 9:00

09/23/2003 Charge(s): 1,2,3
      HEARING - ARRAIGNMENT FTA ON 09/19/2003

09/23/2003 SUMMONS/SERVICE - SUMMONS TO APPEAR FOR ARRAIGN RET UNDELIVERABLE ON 09/23/2003

09/23/2003 WARRANT - ON COMP/INDICTMENT ORDERED ON 09/19/2003
      S KIRK STUDSTRUP , JUSTICE
09/23/2003 BAIL BOND - $20,000.00 SURETY BAIL BOND SET BY COURT ON 09/19/2003

      OR 10,000 CASH
09/23/2003 WARRANT - ON COMP/INDICTMENT ISSUED ON 09/23/2003

CERTIFIED COPY TO WARRANT REPOSITORY
09/26/2003 WARRANT - ON COMP/INDICTMENT EXECUTED ON 09/25/2003

ARRESTED BY AUGUSTA POLICE DEPT.
09/26/2003 WARRANT - ON COMP/INDICTMENT RETURNED ON 09/26/2003

09/29/2003 Charge(s): 1,2,3
HEARING - ARRAIGNMENT SCHEDULED FOR 09/26/2003 @ 2:30

09/29/2003 Charge(s): 1,2,3
HEARING - ARRAIGNMENT HELD ON 09/26/2003
S KIRK STUDSTRUP , JUSTICE
Attorney: TAYLOR FAWNS
DA: PAUL RUCHA          Reporter: CASE ENOCH
Defendant Present in Court

READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO DEFENDANT.  21 DAYS TO FILE MOTIONS
09/29/2003 Charge(s): 1,2,3
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 09/26/2003

09/29/2003 Charge(s): 1,2,3
PLEA - NOT GUILTY ACCEPTED BY COURT ON 09/26/2003

09/29/2003 BAIL BOND - $3,000.00 CASH BAIL BOND CONTINUED AS POSTED ON 09/25/2003

09/29/2003 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 09/25/2003

09/29/2003 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 09/25/2003
S KIRK STUDSTRUP , JUSTICE
COPY TO PARTIES/COUNSEL
10/08/2003 BAIL BOND - $3,000.00 CASH BAIL BOND FILED ON 10/08/2003

Bail Receipt Type: CR
Bail Amt: $3,000
                              Receipt Type: CK
Date Bailed: 08/25/2003      Prvdr Name: STEPHEN  HASKELL
                             Rtrn Name: STEPHEN  HASKELL


## Conditions of Bail:
10/08/2003 TRANSFER - BAIL AND PLEADING RECVD BY COURT ON 10/08/2003

RECEIVED FROM AUGDC CR03-2195 AND CR03-2196.
10/20/2003 MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 10/17/2003

10/20/2003 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 12/02/2003 @ 9:00
S KIRK STUDSTRUP , JUSTICE
NOTICE  TO PARTIES/COUNSEL
12/03/2003 HEARING - MOTION TO SUPPRESS EVIDENCE NOT HELD ON 12/02/2003

CONTINUED TO DEC. 5
12/03/2003 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 12/05/2003 @ 9:00

Printed on: 01/09/2004

NOTICE  TO PARTIES/COUNSEL
01/09/2004 HEARING -  MOTION TO SUPPRESS HELD ON 12/05/2003
          S KIRK STUDSTRUP , JUSTICE
          Attorney:  TAYLOR FAWNS
          DA:  PAUL RUCHA          Reporter: PHILIP GALUCKI
          Defendant Present in Court


          STATE WITNESSES: SHAWN PORTER
01/09/2004 MOTION -  MOTION TO SUPPRESS EVIDENCE UNDER ADVISEMENT ON 12/05/2003
          S KIRK STUDSTRUP , JUSTICE
01/09/2004 MOTION -  MOTION TO SUPPRESS EVIDENCE DENIED ON 01/09/2004
          S KIRK STUDSTRUP , JUSTICE
          COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST:  _____
                    Clerk