**STATE of Maine,**

v.

**Robert BRADLEY.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 10, 1995.
Decided May 16, 1995.

Michael Cantara, Dist. Atty., David Gregory, of counsel, Alfred, for state.

Joel Vincent, Portland, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

ROBERTS, Justice.

Robert Bradley appeals from a judgment entered in the Superior Court (York County, *Bradford, J.*) on his conditional guilty plea of operating a motor vehicle while under the influence of intoxicating liquor, 29 M.R.S.A. § 1312–B(1) (Pamph.1994). Bradley preserves for appellate review an order entered in the District Court (Biddeford, *Gaulin, J.*) denying his motion to suppress the results of a blood test. Bradley argues that the District Court erred when it found that probable cause existed to justify the administration of a blood-alcohol test. We affirm the judgment.

On the night of May 10, 1993, Bradley was involved in a single-car accident and taken to a hospital. A state trooper at the scene observed that the accident occurred at a point where the road was unlighted and took a sharp right turn after a straightaway. The road was dry and the weather was unremarkable. His observations of the accident scene indicated that the car's tires hit the soft shoulder on the right side of the road, after which the car hit a mailbox, then slid sideways across the road and into the brush on the opposite side of the road. The trooper never saw Bradley, nor did he speak with Bradley or administer a field sobriety test. Rescue workers who extracted Bradley from the vehicle, however, told the trooper that Bradley smelled of alcohol.

The first trooper told a second trooper, who was at the hospital, that Bradley had been in a single-car accident and that there was a possibility that Bradley had been drinking. When the second trooper approached Bradley in the emergency room, he noticed a "very strong" odor of liquor coming from Bradley's mouth. Without performing any field sobriety tests, the trooper asked Bradley to submit to a blood test. Bradley did so. He argues that the trooper was without probable cause to conduct this warrantless search.

 A person is guilty of a criminal violation if he operates a motor vehicle while under the influence of intoxicating liquor or while having 0.08% or more by weight of alcohol in his blood. 29 M.R.S.A. § 1312–B(1) (Pamph.1994). The defendant is guilty if "his mental or physical faculties are impaired 'however slightly,' i.e., 'to any extent.'" *State v. Bento*, 600 A.2d 1094, 1096 (Me.1991) (quoting *State v. Longley*, 483 A.2d 725, 732 (Me.1984)). "Under this standard, probable cause to believe a defendant was operating under the influence exists if there is reason to believe that his mental or physical faculties are impaired by the consumption of alcohol." *Bento*, 600 A.2d at 1096–97. "[P]robable cause is to be evaluated based upon the collective knowledge possessed by all police officers involved in an investigation." *State v. Baker*, 502 A.2d 489, 491 (Me.1985). Moreover, the quantum of proof necessary to establish probable cause is less than the level of fair preponderance of the evidence. *See Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502

(1983) ("probable cause is a flexible, common-sense standard ... [that] does not demand any showing that [the officer's] belief be correct or more likely true than false"). *See also State v. Spearin,* 477 A.2d 1147, 1151 (Me.1984) (comparing degree of proof of the *corpus delicti* with probable cause).

We will not reverse a court's finding of probable cause unless it is clearly erroneous. *Bento,* 600 A.2d at 1097. We find no clear error here. Bradley's failure to negotiate a turn when the pavement was dry and the weather was unremarkable suggests that his driving abilities at the time were impaired for some reason. The strong smell of alcohol on his breath supplies a likely cause of his impairment. These facts alone were sufficient to establish probable cause.

The entry is:

Judgment affirmed.

All concurring.