1998 ME 34

**STATE of Maine**

v.

**Valdric CILLEY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 8, 1998.
Decided Feb. 18, 1998.

Michael E. Povich, District Attorney, Paul F. Cavanaugh, II, Asst. Dist. Atty., Calais, for the State.

Julio V. DeSanctis, III, Downeast Law Associates, P.A., Orrington, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

LIPEZ, Justice.

[¶ 1] The State appeals pursuant to 15 M.R.S.A. § 2115–A (1980 & Supp.1997) [1] from an order entered in the District Court (Calais, *Romei, J.*) suppressing evidence that Valdric Cilley operated a motor vehicle under the influence of intoxicants in violation of 29–A M.R.S.A. § 2411 (1996 & Supp.1997).[2] On appeal the State argues that the court erred in determining that game wardens stopped Cilley's all-terrain vehicle within the meaning of the Fourth Amendment; and that the court erred in determining that the game wardens lacked probable cause to arrest Cilley for operating a motor vehicle while under the influence of intoxicants. We agree with both contentions and vacate the suppression order.

I.

[¶ 2] On August 3, 1996, Inland Fisheries and Wildlife Wardens Lowell Osgood and Robert Brown were on routine patrol in Township 27 on Stud Mill Road, an unpaved logging road open to the general public and wide enough for two vehicles to pass each

---

1. 15 M.R.S.A. § 2115–A provides in pertinent part:

    1. **Appeals prior to trial.** An appeal may be taken by the State in criminal cases on questions of law from the District Court and from the Superior Court to the law court: From an order of the court prior to trial which suppresses any evidence, including, but not limited to, physical or identification evidence or evidence of a confession or admission; ...

    5. **Approval by Attorney General.** In any appeal taken pursuant to subsection 1, 2, 2–A or

2–B, the written approval of the Attorney General is required; ...

2. 29–A M.R.S.A. § 2411 provides in pertinent part:

    1. **Offense.** A person commits OUI, which is a Class D crime unless otherwise provided, if that person operates a motor vehicle:
    A. While under the influence of intoxicants; or
    B. While having a blood-alcohol level of 0.08% or more.

other at a regular speed. As they traveled on this dirt road, the wardens saw an all-terrain vehicle (ATV) with two people in it approaching their marked game warden truck from the opposite direction.[3]

[¶ 3] Osgood, who was driving, pulled the warden truck to the right side of the road and stopped. He did not activate the truck's emergency lighting or its dashboard flashing light. Osgood's sole purpose in pulling the warden truck to the side of the road was to check the approaching ATV's registration;[4] neither warden had any reason to suspect criminal activity. As the ATV got closer, Brown recognized its operator as Valdric Cilley, whom he had known for about four years, and whom he had witnessed in an intoxicated state on prior occasions. As the ATV began to slow its speed, the wardens observed its passenger emptying a beer bottle into the road and then placing the bottle behind his back. Osgood and Brown, who were wearing their game warden uniforms, exited the warden truck and stood in front of it.

[¶ 4] Although the wardens did not signal to Cilley, the ATV stopped in front of the warden truck in the middle of the road. Cilley got out of the ATV and began speaking with Brown, who observed that Cilley's eyes were bloodshot and that his breath smelled of alcohol. Cilley admitted that he had consumed a couple of beers. Brown asked Cilley to perform two field sobriety tests, which he agreed to do after initially protesting. First, Cilley was instructed to perform a "finger dexterity" test, in which he was told to "take your thumb to your index finger, touch the tips of your fingers and count one, two, three, four, four, three, two, one." Cilley did not recite the numbers in proper sequence, and touched the middle of his fingers rather than his fingertips. Second, Cilley was asked to perform the "one-legged stand," in which he was instructed to stand on one leg and count to thirty. Cilley counted only to ten. When these field sobriety tests were completed, Cilley was arrested for operating under the influence of alcohol, and he was taken to a nearby police station for a blood-alcohol test.

[¶ 5] Cilley filed a timely motion to suppress all evidence derived from the stop, arguing, *inter alia*, that the wardens lacked a reasonable articulable suspicion to justify the stop and that the wardens lacked probable cause to arrest him. After a hearing, the court granted Cilley's motion based on its conclusion that the wardens lacked probable cause to arrest him. In response to the State's motion for findings of fact and conclusions of law pursuant to M.R.Crim. P. 41A(d) with respect to the legality of the stop, the court also found that the wardens stopped the ATV unlawfully because of the lack of a reasonable articulable suspicion of a traffic offense or criminal activity. This appeal followed pursuant to M.R.Crim. P. 37B and 15 M.R.S.A. § 2115–A.

## II.

[¶ 6] The State first argues that the court erred in determining that the wardens

---

3. An ATV may be driven on public ways only in certain enumerated circumstances. 12 M.R.S.A. § 7857 provides in pertinent part:

> **5. Operating an ATV on a public way.** A person is guilty, except as provided in subsection 24, paragraph D, of operating an ATV on a public way, if he operates an ATV upon any portion of a public way maintained or utilized for the operation of conventional motor vehicles....
>
> **24. Exceptions....**
>
> ...
>
> D. Notwithstanding the provisions of subsection 5:
> (1) Properly registered ATVs may operate on a public way only the distance necessary, but in no case to exceed 300 yards, on the extreme right of the traveled way for the purpose of crossing, as directly as possible, a public way, sidewalk or culvert;....

12 M.R.S.A. § 7857 (1994 & Supp.1997).

4. 12 M.R.S.A. § 7854 suggests that a warden can visually check an ATV's registration status without actually stopping the vehicle. Section 7854, entitled "Registration," provides in pertinent part:

> **1. Application and issuance.** The commissioner, or an agent designated by the commissioner, may register and assign a registration number to any ATV upon application and payment of an annual fee by the owner.... *The registration number must be clearly displayed on the front and the rear of the vehicle.* A registration is valid for one year commencing July 1st of each year.

12 M.R.S.A. § 7854 (1994 & Supp.1997) (emphasis added).

stopped Cilley's ATV within the meaning of the Fourth Amendment. We review independently on appeal a legal ruling that the historical facts found by the court constitute a seizure within the meaning of the Fourth Amendment.[5] *See State v. Stade,* 683 A.2d 164, 165 (Me.1996) (citing *State v. Dube,* 655 A.2d 338, 340 (Me.1995); *State v. Cloutier,* 544 A.2d 1277, 1280 (Me.1988)).

■■■ [¶ 7] An encounter between a police officer and a citizen implicates the Fourth Amendment only if the officer "seizes" the citizen. *See State v. Moulton,* 1997 ME 228, ¶ 7, 704 A.2d 361 (citing *State v. Laplante,* 534 A.2d 959, 962 (Me.1987)). A seizure of the person occurs when " 'the officer, by means of physical force or show. of authority, has in some way restrained the liberty of a citizen' such that he is not free to walk away." *State v. Preble,* 430 A.2d 553, 555 (Me.1981) (quoting *United States v. Viegas,* 639 F.2d 42, 44 (1st Cir.1981)); *see United States v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980) (a seizure occurs when, under the totality of the circumstances, a reasonable person would believe he is not free to leave). Determining whether a Fourth Amendment seizure has occurred requires an objective analysis, *see Preble,* 430 A.2d at 555, and a law enforcement officer's uncommunicated, subjective intent to detain a citizen is not relevant to determining whether a seizure has occurred, *see Mendenhall,* 446 U.S. at 555 n. 6, 100 S.Ct. at 1877 n. 6; *see generally* 4 W. LaFave, Search & Seizure § 9.3(a) (collecting cases).

■■■ [¶ 8]Reviewing independently the constitutional significance of the uncontroverted facts of this case, we conclude that the totality of the circumstances would not have conveyed to a reasonable person that he was not "free to leave," as that term has been construed for Fourth Amendment purposes. The wardens simply pulled their marked truck to the side of the dirt road, got out, and stood in front of the truck. Although Osgood may have contemplated stopping the ATV to check its registration, the wardens did nothing affirmative to convey to Cilley that he

must stop. They did not block the roadway to prevent Cilley from passing; they did not signal or gesture to him to stop his vehicle; they did not orally instruct him to stop the vehicle; they did not display any weapons; and they did not activate the lighting on their truck. *Compare, e.g., United States v. Wood,* 981 F.2d 536, 540 (D.C.Cir.1992) (finding seizure where defendant submitted to officer's order to "halt right there" and to "stop"); *In re T.T.C.,* 583 A.2d 986, 987 (D.C.App.1990) (finding seizure where police officer held gun at his side and announced his identity to occupants of stationary car); *State v. Chapman,* 495 A.2d 314, 316 (Me.1985) (finding seizure where officer positioned his cruiser so as to prevent any movement of the defendant's truck); *State v. Burgess,* 163 Vt. 259, 657 A.2d 202, 203 (1995) (finding seizure where police activated cruiser's blue lights after pulling in behind the defendant's stopped vehicle); *with United States v. Klinginsmith,* 25 F.3d 1507, 1510 (10th Cir.1994), *cert. denied,* 513 U.S. 1059, 115 S.Ct. 669, 130 L.Ed.2d 602 (1994) (no seizure where police merely followed car a short distance until it stopped at gas station); *United States v. Langston,* 970 F.2d 692, 698 (10th Cir.1992), *cert. denied,* 506 U.S. 965, 113 S.Ct. 439, 121 L.Ed.2d 358 (1992) (no seizure where driver "voluntarily stopped the car soon after the state police officer, driving alongside, made eye contact with him"); *United States v. Regan,* 687 F.2d 531, 535 (1st Cir.1982) (no seizure where police did not order defendant to halt and did not block his path, but merely asked to speak with him); *Moulton,* 1997 ME 228, ¶ 9, 704 A.2d 361 (no seizure where officer did not restrict defendant's ability to leave by blocking her parked car or activating his cruiser's blue lights, but merely approached the defendant to ask if she needed assistance); *State v. Foster,* 269 S.C. 373, 237 S.E.2d 589, 592 (1977) (no stop where driver, without prompting by police, stopped car when he saw police following him).

[¶ 9] Although the encounter in this case occurred on a rural woods road rather than on a more well-traveled, urban roadway, we see no reason to depart from the well-estab-

---

5. The State does not dispute the court's factual findings, but contends that those findings do not constitute a seizure implicating constitutional protections.

lished constitutional principles reflected in these cases. We conclude, therefore, that the court erred in its ruling that the wardens stopped Cilley within the meaning of the Fourth Amendment.[6]

## III.

[¶ 10] The State further argues that the court erred in determining that the wardens lacked probable cause to arrest Cilley for operating the ATV while under the influence of intoxicants.[7] We review independently the court's legal conclusion that the historical facts amounted to probable cause.[8] *See State v. Enggass*, 571 A.2d 823, 824 (Me. 1990).

[¶ 11] A person is guilty of OUI if his mental or physical faculties are impaired, however slightly or to any extent. *See State v. Bradley*, 658 A.2d 236, 237 (Me.1995); *State v. Bento*, 600 A.2d 1094, 1096 (Me. 1991). "Under this standard, probable cause to believe a defendant was operating under the influence exists if there is reason to believe that his mental or physical faculties are impaired by the consumption of alcohol." *Bradley*, 658 A.2d at 237 (quoting *Bento*, 600 A.2d at 1096–97). The quantum of proof necessary to establish probable cause is less than the level of a fair preponderance of the evidence. *See id.* at 237–38 (citing *Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983) ("probable cause is a flexible, common-sense standard . . . [that] does not demand any showing that [the officer's] belief be correct or more likely true than false")).

[¶ 12] Applying these principles to the undisputed factual findings of the court, we conclude that the wardens had probable cause to believe that Cilley was operating a motor vehicle under the influence of intoxicants. Given the relatively low quantum of proof required to establish probable cause, *see Bradley*, 658 A.2d at 237–38, an ordinarily prudent and cautious officer could have concluded that Cilley's mental and physical faculties were impaired based on a combination of Cilley's admission to consuming "a couple of beers"; the smell of alcohol on his breath; his bloodshot eyes; his failure to recite the numbers in proper sequence and to touch his fingertips as instructed on the finger dexterity test; his failure to stand on one leg while counting to thirty as instructed; and Brown's personal knowledge of how Cilley has behaved in the past when intoxicated. *See State v. Boylan*, 665 A.2d 1016 (Me.1995); *Bradley*, 658 A.2d 236. Viewed together, these facts constituted adequate indicia of Cilley's impairment, and the wardens had probable cause to arrest him for operating under the influence.

The entry is:

Order vacated; remanded to the District Court for further proceedings consistent with the decision herein.

---

6. Although Cilley was not seized by the initial actions of the wardens standing in front of their truck, he was clearly seized at the point that the wardens asked him to perform field sobriety tests. The defendant has not challenged that seizure, nor could he do so successfully, given the information by then known to the wardens regarding defendant's bloodshot eyes, smell of alcohol, and admission to drinking a couple of beers.

7. Pursuant to 29–A M.R.S.A. § 2080, the operator of an ATV on a way is subject to the general motor vehicle OUI law set forth at section 2411, notwithstanding the existence of the more specific ATV OUI law set forth at 12 M.R.S.A. § 7857(10).

8. As noted previously, the State does not challenge the court's factual findings.