STATE OF MAINE
PENOBSCOT, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP 2003-7
AMM-PEN- 11/26/2003

LLOYD N. HUSSEY,  )
                  )
        Petitioner )
                  )
v.                )          DECISION AND
                  )          ORDER
                  )
STATE OF MAINE,   )
DEPARTMENT OF SECRETARY )
OF STATE,         )
                  )
                  )
        Respondent )



DONALD L. GARY

DEC 4 2003

This matter is before the Court on appeal pursuant to Rule 80C of the Maine

Rules of Civil Procedure from a Hearing Examiner's decision affirming the decision of

the Department of the Secretary of State, Bureau of Motor Vehicles (**herein, "Secretary**

**of State"**) to suspend the Petitioner's, Lloyd N. Hussey (**herein, the "Petitioner"**)

license for 275 days. The legal basis for the Hearing Examiner's decision was that the

Petitioner was operating a motor vehicle under the influence of intoxicants, and he did

not comply with his duty to submit to a blood alcohol test pursuant to 29-A M.R.S.A.

§2521.

## Background

On December 5, 2002, the Petitioner was arrested for O.U.I. Officer Stephen

Jordan of the Bangor Police Department assisted two fellow officers in stopping the

Petitioner's car. Officer Jordan was only at the scene for a short time because he was

called away. Officer Jordan met with the Petitioner approximately 15-20 minutes later at

the jail after the Petitioner had been arrested.[1] At this point, Officer Jordan observed that the Petitioner's eyes were bloodshot and glassy, and that there was an odor of intoxicating beverage coming from his breath. Officer Jordan administered a Horizontal Gaze Nystagmus field sobriety test to the Petitioner. The Officer detected a presence of four out of six clues. He observed that there was a lack of smooth pursuit in each of the Petitioner's eyes, and additionally there was a distinct jerkiness (nystagmus) at maximum deviation in each eye.

At this point, the Officer requested the Petitioner to submit to a chemical test, specifically a breath test via the intoxilyzer instrument. When the Petitioner blew breath into the instrument, the instrument recorded only insufficient samples. The parties dispute whether the Petitioner was in good faith following the Officer's instructions but was physically unable to comply or whether the Petitioner was deliberately not following the instructions.

However, this dispute becomes moot because Officer Jordan offered the Petitioner the opportunity to submit a blood test instead. The Officer attempted to contact the Petitioner's personal physician (at the Petitioner's request) to administer the blood test. However, the Petitioner could not give the Officer the correct name of his physician. The Officer then told the Petitioner that a nurse at the hospital would administer the blood test, but the Petitioner stated he did not want a blood test. The Officer claims, and the Hearing Examiner agreed, that he read the four provisions listed on the implied consent form to the Petitioner, than gave him one last opportunity to submit to the test, but the Petitioner refused. The Petitioner claims he was never

---

[1] At some point while Officer Jordan was gone, the Petitioner was arrested and taken to jail.

informed of the consequences of failing to submit to the blood alcohol test. The Petitioner did not sign the form.

As a result of the Petitioner's failure to submit to the tests, the Secretary of State issued a notice of suspension of his driver's license and an opportunity for a hearing. A hearing was held on February 22, 2003. On March 17, 2002, the Hearing Examiner issued a written decision finding the Officer did have probable cause to believe the Petitioner was operating a motor vehicle under the influence of intoxicants, that the Petitioner failed to complete the required chemical testing, and that he was informed of the consequences for his refusal. Thus, the Hearing Examiner concluded that the suspension of the Petitioner's driver's license for 275 days was justified.

## Discussion

### A. Standard of Review

The scope of judicial review of an administrative agency's factfinding is strictly limited; such a finding may be overturned only upon a showing by the challenger that it was "unsupported by substantial evidence on the whole record." Clarke v. Maine Unemployment Insurance Commission, 491 A.2d 549, 552 (Me. 1985) (citation omitted). "This standard of review of an administrative finding of fact is identical to the 'clear error' standard used by the Law Court." Id. (quoting Gulick v. Board of Environmental Protection, 452 A.2d 1202, 1207-08 (Me. 1982)). The reviewing court must examine the entire record to determine whether on the basis of all the testimony and exhibits before the agency it could fairly and reasonably find the facts as it did. Clarke, 491 A.2d at 551 (citing In re Maine Clean Fuels, Inc., 310 A.2d 736, 741 (Me. 1973)). The Court will not substitute its judgment for the Secretary of State's where there may be a reasonable

difference of opinion. Clarke, 491 A.2d at 552 (*citing* Seven Islands Land Co. v. Maine Land Use Regulation Commission, 450 A.2d 475, 479 (Me. 1982)).

In an 80C appeal, the Court must determine whether the Secretary of State abused its discretion, committed error of law, or made findings not supported by substantial evidence in the record. McGhie v. Town of Cutler, 2002 ME 62, ¶5, 793 A.2d 504. Substantial evidence is evidence that a reasonable mind would accept as sufficient to support a conclusion. Bath Iron Works v. Maine Unemployment Insurance Commission, docket no. AP-01-066 (Me. Super. Ct., June 17, 2002) (Crowley, J.).

**B. Applicable Law**

The Legislature has unequivocally established the duty of every driver to submit to a blood-alcohol test on probable cause to believe that he is operating a vehicle under the influence. State of Maine v. Chase, 2001 ME 168, ¶6, 785 A.2d 702 (*citing* 29-A M.R.S.A. §2521(1)). Serious consequences are imposed upon those drivers who refuse to submit to a test. *See* 29-A M.R.S.A. 2521(3). "It is precisely because the consequences of a failure to cooperate can have such significant effects on the driver's life that the Legislature has required persons suspected of operating under the influence to be protected from unknowingly triggering those consequences." State of Maine v. Chase, 2001 ME 168, ¶6, 785 A.2d 702. Thus, the informed consent warnings are structured to inform the driver that he has a duty to take the test and his failure to cooperate will result in serious sanctions. Id. They are not intended to provide a driver with a choice of taking or refusing a blood-alcohol test. Id.

The Hearing Examiner made her decision based on the testimony of Officer Jordan and the Petitioner, as well as the relevant provisions of the Title 29-A, the Maine

Motor Vehicles Statutes. The Hearing Examiner found Officer Jordan's recollection of the events and his testimony pertaining to the intoxilyzer instrument, the offering of a blood test, and the communication of the implied consent provisions to be the more reliable testimony. The Hearing Examiner stated that it is the Officer's decision as to whether a second test should be offered when for whatever reason a final test result has not been obtained from the first choice of tests. 29-A M.R.S.A. §2521(2) supports this statement. She also relied on 29-A M.R.S.A. §2402(5), which states "[f]ailure to submit to a test . . . means failure to comply with the duty to submit to and complete a chemical test under section §2521 [which applies here]."

Based on all of the evidence, the Hearing Officer concluded that the Petitioner was informed of the consequences of failing to submit to a test, and that he did fail to submit to a test. On this record, the Court concludes that the administrative findings are supported by substantial evidence in the record.

Furthermore, the record shows that there was probable cause to believe the Petitioner was operating a motor vehicle while under the influence of intoxicants. A person is guilty of operating under the influence if his mental or physical faculties are impaired, however slightly to any extent. State v. Bradley, 658 A.2d 236, 237 (Me. 1995). "Under this standard, probable cause to believe a defendant was operating under the influence exists if there is reason to believe that his mental or physical faculties are impaired by the consumption of alcohol." Bradley, 658 A.2d at 237 (quoting State v. Bento, 600 A.2d 1094, 1096-1097 (Me. 1991)). The quantum of proof necessary to establish probable cause is less than the level of a fair preponderance of the evidence. State of Maine v. Cilley, 1998 ME 34, ¶11; 707 A.2d 79 (citations omitted).

Given the relatively low quantum of proof required to establish probable cause, Officer Jordan could have concluded that the Petitioner's mental and physical faculties were impaired based on the evidence in the record. Officer Jordan observed that the Petitioner's eyes were bloodshot and glassy, and that there was an odor of intoxicating beverage coming from his breath. Officer Jordan administered the Horizontal Gaze Nystagmus field sobriety test to the Petitioner, and detected the presence of four out of six clues indicating the Petitioner was intoxicated.

## Conclusion

This Court concludes that the findings of the Secretary of State are supported by substantial evidence in the record.

Therefore the entry is:

Appeal **DENIED**. The suspension order of the Secretary of State is **AFFIRMED**.

DATED: November 26, 2003

_____
Justice, Maine Superior Court
ANDREW M. MEAD

Date Filed __3/26/03__  PENOBSCOT  Docket No. __AP-2003-7__
County

Action __80C APPEAL__  **DUPLICATE**

**ASSIGNED TO JUSTICE ANDREW M. MEAD**

LLOYD N. HUSSEY  vs. STATE OF MAINE, DEPARTMENT OF THE SECRETARY OF STATE

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PAINE, LYNCH & HARRIS, P.A.<br>123 CENTER ST - P O BOX 1451<br>BANGOR, ME. 04402-1451<br>BY: MARTHA J. HARRIS | OFFICE OF THE ATTORNEY GENERAL<br>6 STATE HOUSE STATION<br>AUGUSTA, ME. 04333-0006<br>BY: JOSEPH A. WANNEMACHER, AAG |

| Date of Entry | |
|---|---|
| 3/26/03 | Petition for Review filed. (Exhibit A attached) |
| 4/2/03 | Certificate of Service filed. Certified Mail receipt as to Respondent, State of Maine, Department of the Secretary of State. (s.d. 3/27/03. By: State Postal Center) |
| 4/2/03 | Certificate of Service filed. Certified Mail receipt as to Department of the Attorney General. (s.d. 3/27/03. By: State Postal Center) |
| 4/3/03 | Notice of Assigned Justice filed. Pursuant to Administrative Order, Single Justice Assignment of Civil Cases, Docket No. SJC-323, the above referenced case is specially assigned to Justice Andrew M. Mead. /s/ Marga Gardner, Clerk. |
| 4/24/03 | Certified Record filed by Resondents. (attachments attached) |
| 4/24/03 | Notice and Briefing Schedule 80C Appeal of Final Agency Actions filed. Copy forwarded to all attorneys of record. |
| 6/3/03 | Brief in Support of Petition for Review filed by Petitioner. (attachment attached) |
| 7/7/03 | Brief of Respondent filed. (Exhibit A attached) |
| 7/18/03 | Reply Brief of Petitioner filed. |
| 9/9/03 | Oral Argument on 80C Appeal set for 10/29/03 at 10:30 a.m. Copy forwarded to all attorneys of record. |
| 10/29/03 | Oral Argument on 80C Appeal had. Andrew M. Mead, Justice; Gerard Forgue, Courtroom Clerk. Not recorded. The Docket Entry Will Be: Matter taken under advisement. Justice Mead has file. |