STATE OF MAINE                          SUPERIOR COURT
YORK, SS.                               Docket No. AP-12-027
                                        JON-YOR- 7 29 2012

William Stride,                )
                Petitioner,    )
                               )
                               )
        v.                     )        Order on Appeal
                               )
                               )
Secretary of State, Maine,     )
                Respondent.    )

This matter was set on a accelerated briefing schedule. The court has had an opportunity to review the record on appeal as well as the briefs filed by each party.

The Petitioner correctly identifies that the standard of review on an *80(c)* appeal is whether or not the record contains adequate evidence to support the conclusions of the hearings officer. The standard is not whether this court would've reached a different conclusion but whether or not it was an abuse of discretion for the Hearing Officer to conclude that Mr. Stride was under the influence of a drug or combination of drugs at the time he was operating a motor vehicle.

Maine law defines being under the influence as having a person's physical or mental faculties impaired by intoxicants to even the slightest degree. *State v. Bolduc 722 A.2d 44 ( Me. 1998)*

The Hearing Officer was presented with adequate record evidence to support the conclusion that Mr. Stride was under the influence while driving. This included the observations of the two Wells police officers and the Saco drug recognition officer.

Officer Rachel Horning was established as a certified drug recognition expert. The record reflects her observation of the performance of field sobriety testing and other observations which led her to the conclusion that Mr. Stride was under the influence of a central nervous system depressant. This conclusion was confirmed by drug testing subsequently which established that Mr. Stride had a detectable amount of clozapine in his urine sample. Clozapine is a central nervous system depressant.

Factual findings of the Hearing Officer are not to be disturbed on appeal absent an abuse of discretion. The court concludes that there was competent evidence in the record which supported the decision . The Hearing Officer was not limited to consider evidence of driving only and acted within her discretion to draw factual conclusions from the other evidence presented to her on the issue of impairment.

The court recognizes that Mr. Stride is diagnosed with a mental illness requiring medication. Whether that illness can be managed with medications or dosages that would allow him to lawfully drive is not before the court. The sole issue is whether there was adequate record evidence presented to the Hearing Officer to support the conclusion that on that particular evening he was under the influence and impaired by his medication. The court concludes there was such adequate evidence presented.

Accordingly the Appeal is denied . The clerk may incorporate by reference.

Dated: July 26 , 2012

/s/ John H. O'Neil
JUSTICE, MAINE SUPERIOR COURT

PLAINTIFF'S ATTORNEY
Alan E. Shepard, Esq.
SHEPARD & READ
93 Main Street
Kennebunk, ME    04043

DEFENDANT'S ATTORNEY
Donald Macomber, Esq.
OFFICE OF THE ATTORNEY GENERAL
6 State House Station
Augusta, ME    04333-0006