STATE OF MAINE
KENNEBEC, ss.

UNIFIED CRIMINAL DOCKET
AUGUSTA
DOCKET NO. CR-13-1039

STATE OF MAINE

v.

**ORDER ON DEFENDANT'S
PENDING MOTIONS**

WALTER RENFRO,
        defendant

This matter was heard by the undersigned on July 2ᵈ, 2015 with respect to the defendant's Motion *In Limine* and Motion to Suppress.   After hearing, the Court makes the following Findings of Fact and Conclusions of Law upon which the **Order** set forth below is based:

1.   On Friday night, November 1ˢ, 2013 at approximately 10:45 p.m. the defendant was stopped by Waterville Police Officers McDonald and Reed as the defendant was travelling north on Water Street in Waterville, Maine.   The officers stopped the defendant because they believed the defendant had "squealed" his tires in violation of 29-A M.R.S. § 2079.

2.   Once stopped the defendant was approached by the police officers who asked the defendant for his license, registration, and insurance card.  The defendant appeared lethargic to the officers.   The defendant initially was silent, and did not produce his license until Officer McDonald pointed it out to defendant. When the defendant did speak, his speech was slurred.  There was an odor of alcohol coming from inside the vehicle.  The defendant had bloodshot eyes and had a cut on the top of his nose with dried blood on his face, *see* State's exhibit 2.

3. When asked about his appearance the defendant explained he had been involved in a fight at a local bar earlier in the evening.   When asked what defendant had imbibed the defendant admitted to having consumed 2 drinks. When the defendant's license was "run" it came back as being conditional, including the condition that defendant not consume alcohol and drive.

4.   When asked what time it was the defendant replied "1:30 a.m." when in reality it was 10:50 p.m.   When asked to get out of his vehicle the defendant's balance was poor.    Officer McDonald administered the "HGN" test and observed six "cues" out of a possible six cues for impairment.  The defendant contended he didn't know the alphabet and so could not recite it.   The defendant initially agreed to perform the "walk and turn" test, but then contended he could

not perform the test. On a scale of 1 to 10 with "1" being sober and "10" being extremely intoxicated the defendant contended he was a "1".

5. Based upon the above, Officer McDonald believed the defendant was impaired and accordingly arrested him for Operating Under the Influence of Intoxicants in violation of 29-A M.R.S. § 2411 as well as for Operating Beyond License Condition or Restriction in violation of 29-A M.R.S. § 1251.

6. At the police station the defendant was checked to see if he had anything in his mouth. The officer observed nothing in defendant's mouth, including the presence of any blood. The officer "watched" the defendant for 15 minutes before the officer administered the intoxilyzer test, with the result being a .17, or approximately twice the legal limit. The video of the events at the police station support the officer's contention that the defendant was observed for the required time before the test was administered, although admittedly the defendant was not under constant, direct observation for the entire time period[1] leading up to the administration of the test.

7. Both the State and the defense presented seasoned experts who predictably disagreed with the validity of the test result based upon what they observed in the video.

8. At hearing the defendant pressed the contentions that the defendant's arrest was without probable cause and that the appropriate pre-test procedures for use of the intoxilyzer were "grossly deviated from" such that the test result should be suppressed.[2]

9. In order to support a brief investigatory stop of a motor vehicle, such as the stop in this case, the officer had to have an objectively reasonable, articulable suspicion that either criminal conduct, a civil violation, or a threat to public safety has occurred, is occurring, or is about to occur. Moreover, the suspicion that any of these circumstances exist must be objectively reasonable in the totality of the circumstances. *State v. Sylvain*, 2003 ME 5. At a hearing on a motion to suppress evidence obtained in the course of a traffic stop, the State bears the burden of demonstrating that the officer's actions were objectively reasonable under the circumstances. *State v. Brown*, 675 A.2d 504 (Me. 1996). A "reasonable suspicion" is not the same as proof by a preponderance of the evidence or even probable cause to believe that impairment exists. *State v. Webster*, 2000 ME 115.

10. In this case the officers had reason to believe that the defendant was committing a traffic violation by "squealing his tires." Thus, the Court finds there was no problem with the officers stopping the defendant, *see State v. Bolduc,*

---

[1] There was testimony that the purpose of the observation period is to insure that a defendant does not engage in any activity that could compromise the validity of the test, such as burping, belching, drinking, smoking, eating, etc.

[2] Arguments that the defendant's statements were involuntary and that custodial interrogation occurred without *Miranda* warnings being first given were not pressed.

1998 ME 255; *State v. Taylor*, 1997 ME 81. Once stopped, the officer observed the defendant acting lethargic, exhibiting difficulty producing his license, having slurred speech, bloodshot eyes, and having an odor of alcohol coming from the vehicle in which defendant was the only occupant. Collectively these observations more than justified the officer asking the defendant to exit the vehicle.

11. Once outside the vehicle, the defendant's balance was poor, he exhibited six cues on the HGN Test for impairment, and declined to perform the walk and turn test after initially agreeing to perform the test. Taking into account the totality of the observations and circumstances described above, the officer had probable cause to believe the defendant was operating under the influence of intoxicants, and thus arrest the defendant for same.[1] Probable cause to arrest for purposes of requiring a blood-alcohol test exists when "facts and circumstances of which the arresting officer has reasonably trustworthy information would warrant an ordinarily prudent and cautious police officer to believe the subject did commit or was committing a crime." *State v. Boylan*, 665 A.2d 1016, 1019 (Me, 1995). A person is guilty of operating under the influence if his mental or physical faculties are impaired, however slightly, or to any extent. Thus, probable cause to believe a defendant was operating under the influence exists if there is reason to believe that the defendant's mental or physical faculties are impaired by the consumption of alcohol. *State v. Bradley*, 658 A.2d 236 (Me. 1995).

12. Clearly, the officer had probable cause to arrest the defendant for OUI in light of the facts found above and the Law Court's holdings in the cases noted above.

13. With respect to the admissibility of the defendant's intoxilyzer test, the Court determines that the requisite foundational showing of reliability was made by the State, and thus the accuracy and reliability of the test result are questions for the factfinder, *State v. Pineo*, 2002 ME 93. Although there was a dispute between the two experts as to the reliability of the test result, the undersigned can rely solely on the testimony of the State's chemist that the result was reliable and is free to reject the contrary testimony of the defendant's expert. *Id.* This Court finds that Mr. Demers' criticisms go to the weight, not the admissibility, of the evidence, as was the case in *State v. Pineo*.

14. Accordingly, the Motion to Suppress is **denied**, and the Motion *In Limine* is **denied** as well, meaning the test results are admissible, with the factfinder to conclude what weight to give the evidence.

Date: 7/29/2015

BY _____

Robert E. Mullen, SCT Justice

---

[1] It should also be recalled that defendant had a conditional license and was apparently violating the conditions/restrictions on his license.

3

STATE OF MAINE
　vs
WALTER　RENFRO
PO BOX 514
GREENVILLE ME 04441

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2013-01039

**DOCKET RECORD**

DOB: 08/13/1951
Attorney: SCOTT HESS
　　　THE LAW OFFICE OF SCOTT F HESS LLC
　　　72 WINTHROP STREET
　　　AUGUSTA ME 04330
　　　APPOINTED 04/23/2014

State's Attorney: MAEGHAN MALONEY

## Charge(s)

1　OPERATING UNDER INFLUENCE-INJURY OR DEATH, 11/01/2013 WATERVILLE
　PRIORS
Seq 11494 29-A  2411(1-A)(D)(2)　　　Class B
　MCDONALD　　　　　/ WAT

2　OPERATE VEHICLE WITHOUT LICENSE-　　　11/01/2013 WATERVILLE
　COND/RESTRIC
Seq 9868  29-A  1251(1)(B)　　　Class E  Charged with COMPLAINT on Suppleme
　MCDONALD　　　　　/ WAT

## Docket Events:

11/06/2013 FILING DOCUMENT -  NON CASH BAIL BOND FILED ON 11/02/2013

11/06/2013 Charge(s): 1
　　　HEARING -  INITIAL APPEARANCE SCHEDULED FOR 12/10/2013 at 08:30 a.m.

　　　NOTICE TO PARTIES/COUNSEL
11/06/2013 BAIL BOND - $1,500.00 UNSECURED BAIL BOND FILED ON 11/06/2013

　　　Bail Amt: $1,500
　　　Date Bailed: 11/02/2013
12/05/2013 Party(s): WALTER RENFRO
　　　ATTORNEY -  RETAINED ENTERED ON 12/02/2013

　　　Attorney: SCOTT HESS
12/06/2013 Charge(s): 1,2
　　　SUPPLEMENTAL FILING -  COMPLAINT FILED ON 12/03/2013

12/10/2013 Charge(s): 1
　　　HEARING -  INITIAL APPEARANCE HELD ON 12/10/2013
　　　DONALD H MARDEN , JUSTICE
12/10/2013 Charge(s): 1,2
　　　HEARING -  STATUS CONFERENCE SCHEDULED FOR 02/11/2014 at 10:00 a.m.

12/10/2013 Charge(s): 1,2
　　　HEARING -  STATUS CONFERENCE NOTICE SENT ON 12/10/2013

12/10/2013 Charge(s): 1,2
　　　PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 12/10/2013
　　　CR_200　　　　　Page  1  of  6　　　　　Printed on: 08/06/2015

02/12/2014 BAIL BOND - UNSECURED BAIL BOND CONTINUED AS POSTED ON 02/11/2014

       Date Bailed: 11/02/2013
02/12/2014 Charge(s): 1,2
       HEARING - STATUS CONFERENCE HELD ON 02/11/2014
       M MICHAELA MURPHY , JUSTICE
02/12/2014 Charge(s): 1,2
       HEARING - STATUS CONFERENCE SCHEDULED FOR 03/25/2014 at 10:00 a.m.

02/12/2014 Charge(s): 1,2
       HEARING - STATUS CONFERENCE NOTICE SENT ON 02/12/2014

02/20/2014 Charge(s): 1,2
       HEARING - STATUS CONFERENCE NOT HELD ON 02/20/2014

02/20/2014 Charge(s): 1,2
       SUPPLEMENTAL FILING - INDICTMENT FILED ON 02/13/2014

02/20/2014 Charge(s): 1,2
       HEARING - ARRAIGNMENT SCHEDULED FOR 03/25/2014 at 10:00 a.m.

02/20/2014 Charge(s): 1,2
       HEARING - ARRAIGNMENT NOTICE SENT ON 02/20/2014

03/21/2014 MOTION - MOTION FOR SANCTIONS FILED BY DEFENDANT ON 03/21/2014

03/21/2014 MOTION - MOTION EXPERT WITNESS REPORT FILED BY DEFENDANT ON 03/21/2014

03/21/2014 Charge(s): 1,2
       MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 03/21/2014

       INTOXILIZER
03/27/2014 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 03/25/2014

03/27/2014 MOTION - MOTION FOR APPOINTMENT OF CNSL VACATED ON 03/20/2014
       NANCY MILLS , JUSTICE
       SCOTT HESS RETAINED
03/27/2014 Charge(s): 1,2
       HEARING - ARRAIGNMENT HELD ON 03/25/2014

       READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
       DEFENDANT. 21 DAYS TO FILE MOTIONS
03/27/2014 Charge(s): 1,2
       PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 03/25/2014

03/27/2014 TRIAL - DOCKET CALL SCHEDULED FOR 05/05/2014 at 09:30 a.m.

04/16/2014 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 04/15/2014

04/22/2014 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 04/22/2014

04/24/2014 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 04/23/2014

          DONALD H MARDEN , JUSTICE
          COPY TO PARTIES/COUNSEL
04/24/2014 Party(s):  WALTER RENFRO
          ATTORNEY -  APPOINTED ORDERED ON 04/23/2014

          Attorney: SCOTT HESS
04/24/2014 TRIAL -  DOCKET CALL NOTICE SENT ON 04/24/2014

05/06/2014 TRIAL -  DOCKET CALL HELD ON 05/05/2014
          DONALD H MARDEN , JUSTICE
          Defendant Present in Court
05/06/2014 HEARING -  MOTION FOR SANCTIONS SCHEDULED FOR 05/07/2014 at 08:30 a.m.

05/06/2014 HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 05/07/2014 at 08:30 a.m.

          NOTICE  TO PARTIES/COUNSEL
05/06/2014 HEARING -  MOTION EXPERT WITNESS REPORT SCHEDULED FOR 05/07/2014 at 08:30 a.m.

05/08/2014 HEARING -  MOTION EXPERT WITNESS REPORT HELD ON 05/07/2014
          DONALD H MARDEN , JUSTICE
          Defendant Present in Court
05/08/2014 MOTION -  MOTION EXPERT WITNESS REPORT GRANTED ON 05/07/2014
          DONALD H MARDEN , JUSTICE
05/08/2014 HEARING -  MOTION FOR DISCOVERY HELD ON 05/07/2014
          DONALD H MARDEN , JUSTICE
          Defendant Present in Court
05/08/2014 Charge(s): 1,2
          MOTION -  MOTION FOR DISCOVERY GRANTED ON 05/08/2014
          DONALD H MARDEN , JUSTICE
          COPY TO PARTIES/COUNSEL
05/08/2014 HEARING -  MOTION FOR SANCTIONS HELD ON 05/07/2014
          DONALD H MARDEN , JUSTICE
          Defendant Present in Court
05/08/2014 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 06/03/2014 at 11:00 a.m.

          NOTICE  TO PARTIES/COUNSEL
05/08/2014 Charge(s): 1,2
          TRIAL -  DOCKET CALL SCHEDULED FOR 06/03/2014 at 11:00 a.m.

06/02/2014 MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 05/30/2014

06/03/2014 MOTION -  MOTION TO CONTINUE GRANTED ON 06/03/2014
          DANIEL  BILLINGS , JUDGE
          COPY TO PARTIES/COUNSEL
06/03/2014 HEARING -  MOTION TO SUPPRESS CONTINUED ON 06/03/2014

06/03/2014 Charge(s): 1,2
          TRIAL -  DOCKET CALL HELD ON 06/03/2014
          DANIEL  BILLINGS , JUDGE
          Defendant Present in Court
06/03/2014 Charge(s): 1,2
          TRIAL -  DOCKET CALL SCHEDULED FOR 08/05/2014 at 10:30 a.m.

06/03/2014 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 08/05/2014 at 10:30 a.m.

NOTICE  TO PARTIES/COUNSEL
07/16/2014 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 07/15/2014

07/24/2014 MOTION - MOTION TO CONTINUE GRANTED ON 07/17/2014
M MICHAELA MURPHY , JUSTICE
COPY TO PARTIES/COUNSEL
07/24/2014 Charge(s): 1,2
TRIAL - DOCKET CALL CONTINUED ON 07/17/2014
M MICHAELA MURPHY , JUSTICE
07/24/2014 TRIAL - DOCKET CALL SCHEDULED FOR 09/03/2014 at 10:45 a.m.

07/24/2014 HEARING - MOTION TO SUPPRESS CONTINUED ON 07/17/2014
M MICHAELA MURPHY , JUSTICE
07/24/2014 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 09/03/2014 at 10:45 a.m.

NOTICE  TO PARTIES/COUNSEL
07/24/2014 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 07/24/2014

08/28/2014 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 08/26/2014

08/28/2014 MOTION - MOTION TO CONTINUE GRANTED ON 08/28/2014
DANIEL I BILLINGS , JUSTICE
COPY TO PARTIES/COUNSEL
08/28/2014 TRIAL - DOCKET CALL CONTINUED ON 08/28/2014
DANIEL I BILLINGS , JUSTICE
08/28/2014 HEARING - MOTION TO SUPPRESS CONTINUED ON 08/28/2014
DANIEL I BILLINGS , JUSTICE
08/28/2014 Charge(s): 1,2
TRIAL - DOCKET CALL SCHEDULED FOR 10/07/2014 at 10:15 a.m.

08/28/2014 Charge(s): 1,2
TRIAL - DOCKET CALL NOTICE SENT ON 08/28/2014

09/07/2014 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 10/07/2014 at 10:15 a.m.

NOTICE  TO PARTIES/COUNSEL
09/25/2014 MOTION - MOTION EXPERT WITNESS REPORT FILED BY STATE ON 09/25/2014

10/01/2014 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 10/01/2014

10/03/2014 MOTION - MOTION EXPERT WITNESS REPORT GRANTED ON 10/02/2014
M MICHAELA MURPHY , JUSTICE
10/03/2014 MOTION - MOTION TO CONTINUE GRANTED ON 10/02/2014
M MICHAELA MURPHY , JUSTICE
COPY TO PARTIES/COUNSEL
10/03/2014 HEARING - MOTION TO SUPPRESS CONTINUED ON 10/02/2014

10/03/2014 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 12/02/2014 at 11:00 a.m.

NOTICE  TO PARTIES/COUNSEL
10/03/2014 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 10/03/2014

10/03/2014 Charge(s): 1,2
          TRIAL -  DOCKET CALL CONTINUED ON 10/02/2014


10/03/2014 TRIAL -  DOCKET CALL SCHEDULED FOR 12/02/2014 at 11:00 a.m.


10/03/2014 TRIAL -  DOCKET CALL NOTICE SENT ON 10/03/2014


11/26/2014 MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 11/26/2014


12/03/2014 MOTION -  MOTION TO CONTINUE GRANTED ON 12/02/2014
          DANIEL I BILLINGS , JUSTICE
          COPY TO PARTIES/COUNSEL
12/03/2014 TRIAL -  DOCKET CALL CONTINUED ON 12/02/2014


12/03/2014 HEARING -  MOTION TO SUPPRESS CONTINUED ON 12/02/2014


12/03/2014 Charge(s): 1,2
          TRIAL -  DOCKET CALL SCHEDULED FOR 01/06/2015 at 10:15 a.m.


12/03/2014 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 01/06/2015 at 10:15 a.m.

          NOTICE  TO PARTIES/COUNSEL
12/03/2014 MOTION -  MOTION TO QUASH SUBPOENA FILED BY THIRD PRTY ON 12/02/2014

          Attorney:  LUIS CARRILLO
12/10/2014 MOTION -  MOTION TO QUASH SUBPOENA FILED BY THIRD PRTY ON 12/02/2014

          DA:  LUIS CARRILLO
          ATTORNEY FOR BRIAN MILLER MD & HOSPITAL ADMINISTRATIVE DISTRICT 4 DBA      MAYO REGIONAL
          HOSPITAL
12/31/2014 MOTION -  MOTION IN LIMINE FILED BY DEFENDANT ON 12/30/2014


12/31/2014 LETTER -  REQUEST FOR PROTECTION FILED ON 12/31/2014


01/29/2015 Charge(s): 1,2
          TRIAL -  DOCKET CALL CONTINUED ON 01/06/2015


01/29/2015 HEARING -  MOTION TO SUPPRESS CONTINUED ON 01/06/2015


03/24/2015 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 05/13/2015 at 08:30 a.m. in Room No.  1

          NOTICE  TO PARTIES/COUNSEL
03/24/2015 HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 03/24/2015


05/04/2015 Charge(s): 1,2
          MOTION -  MOTION TO CONTINUE FILED BY STATE ON 05/01/2015


06/01/2015 LETTER -  REQUEST FOR PROTECTION FILED ON 06/01/2015


06/08/2015 Charge(s): 1,2
          MOTION -  MOTION TO CONTINUE GRANTED ON 05/05/2015
          ERIC  WALKER , JUDGE

Defendant Present in Court

COPY TO PARTIES/COUNSEL
06/08/2015 HEARING - MOTION TO SUPPRESS CONTINUED ON 05/13/2015

06/10/2015 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 07/02/2015 at 08:30 a.m. in Room No. 1
ROBERT E MULLEN , JUSTICE
NOTICE TO PARTIES/COUNSEL
06/10/2015 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 06/10/2015

06/10/2015 HEARING - MOTION IN LIMINE SCHEDULED FOR 07/02/2015 at 08:30 a.m. in Room No. 1
ROBERT E MULLEN , JUSTICE
NOTICE TO PARTIES/COUNSEL
06/10/2015 HEARING - MOTION IN LIMINE NOTICE SENT ON 06/10/2015

06/10/2015 OTHER FILING - OTHER DOCUMENT FILED ON 06/09/2015

DA: FRANCIS GRIFFIN
STATE'S OBJECTION TO DEFENDANT'S MOTION IN LIMINE
06/30/2015 OTHER FILING - OTHER DOCUMENT FILED ON 06/30/2015

DA: FRANCIS GRIFFIN
STATE'S EXHIBIT A (DVD VIDEO)
07/15/2015 Charge(s): 1,2
MOTION - MOTION TO PREPARE TRANSCRIPT FILED BY DEFENDANT ON 07/08/2015

07/28/2015 HEARING - MOTION TO SUPPRESS HELD ON 07/02/2015
ROBERT E MULLEN , JUSTICE
Defendant Present in Court
07/28/2015 MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 07/02/2015
ROBERT E MULLEN , JUSTICE
07/28/2015 Charge(s): 1,2
MOTION - MOTION TO PREPARE TRANSCRIPT GRANTED ON 07/16/2015
ROBERT E MULLEN , JUSTICE
COPY TO PARTIES/COUNSEL
08/06/2015 MOTION - MOTION TO SUPPRESS DENIED ON 07/29/2015
ROBERT E MULLEN , JUSTICE
COPY TO PARTIES/COUNSEL
08/06/2015 HEARING - MOTION IN LIMINE HELD ON 07/02/2015
ROBERT E MULLEN , JUSTICE
Defendant Present in Court
08/06/2015 MOTION - MOTION IN LIMINE DENIED ON 07/29/2015
ROBERT E MULLEN , JUSTICE
COPY TO PARTIES/COUNSEL
08/06/2015 ORDER - COURT ORDER FILED ON 07/29/2015
ROBERT E MULLEN , JUSTICE
ORDER ON DEFENDANT'S PENDING MOTIONS: ACCORDINGLY, THE MOTION TO SUPPRESS IS DENIED, AND
THE MOTION IN LIMINE IS DENIED AS WELL, MEANING THE TEST RESULTS ARE ADMISSIBLE, WITH THE
FACT FINDER TO CONCLUDE WHAT WEIGHT TO GIVE THE EVIDENCE

A TRUE COPY
ATTEST: _____
Clerk