**STATE of Maine**

**v.**

**Robert R. CRESS.**

Supreme Judicial Court of Maine.

Argued June 12, 1990.

Decided July 13, 1990.

Philip C. Worden (orally), Asst. Dist. Atty., Dover–Foxcroft, for plaintiff.

J. Hilary Billings (orally), Bangor, for defendant.

Maine Civil Liberties Union, Michael A. Nelson, Portland, Amicus Curiae.

---

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

BRODY, Justice.

Defendant Robert R. Cress appeals from an order of the Superior Court (Piscataquis County, *Beaulieu, J.*) affirming an order of the District Court (Dover–Foxcroft, *Calkins, J.*), which denied his motion to suppress evidence seized from a taxidermy shop located in his home. Cress argues that he did not consent to a warrantless search, and that objects seized as a result of that search and those seized later pursuant to a warrant were the fruit of an unconstitutional warrantless search. Cress entered conditional guilty pleas to misdemeanor violations of the inland fisheries and wildlife laws. 12 M.R.S.A. §§ 7001 *et seq.* (1981 & Supp.1989). We hold the District Court properly denied the motion to suppress and affirm the judgments.

In October 1988, Cress accepted for taxidermy work migratory fowl brought to his shop by an undercover game warden. In November 1988, two uniformed game wardens visited Cress's home to inspect the shop and his records. Cress met them outside, where one warden said they "thought a nice rainy day might be a good day to check out" his shop. The wardens did not ask Cress for his consent, and testified that they considered it a routine inspection.[1] Cress let them in and took them to the shop in the basement of his home. Cress testified that he did not ask the wardens to leave because he believed he "had nothing really to hide, other than, you know, some untagged animals."

The wardens noted some irregularities in Cress's records, including the omission of the fowl left by the undercover warden. After the wardens asked to look in his freezer, Cress complied, asking; "What do you want to do, you want to go through the whole freezer?" The sergeant replied that they would have to, because of the discrepancies in his business records. Cress then helped the wardens remove items that the State later seized.

A search conducted pursuant to a valid consent is an exception to the warrant requirement. *State v. McLain*, 367 A.2d 213, 216 (Me.1976) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)). The State has the burden to demonstrate by a preponderance of the evidence "that an objective manifestation of consent was given by word or gesture. . . ." *State v. Fredette*, 411 A.2d 65, 68 (Me.1979). There must be more than a mere "acquiescence to a claim of lawful authority." *Bumper v. North Carolina*, 391 U.S. 543, 548–49, 88 S.Ct. 1788, 1792, 20 L.Ed.2d 797 (1968). Consent must be freely and voluntarily given. *State v. McLain*, 367 A.2d at 216–17. Cress argues that there was no specific objective manifestation of consent and that his behavior amounted to no more than acquiescence to the search.

We examine the District Court order as though on initial appellate review. *See MacKerron v. MacKerron*, 553 A.2d 1252, 1252 (Me.1989). The District Court determined that Cress did not expressly consent to the search orally or in writing, nor did he object to the search. Nevertheless, the court found that by voluntarily accompanying the wardens into the shop and by unlocking, opening and emptying the freezers, Cress actively assisted and cooperated with the wardens and thereby demonstrated his consent.

The "clearly erroneous" test applies to questions of fact determined by the trial court on motions to suppress evidence alleged to have been illegally seized. *State v. Koucoules*, 343 A.2d 860, 873 (Me.1974). The finding by the District Court that the defendant actually consented to the search is not "clearly erroneous." The Court did not err in finding that Cress's active cooperation and assistance constituted an expression of consent.

---

1. The authority to conduct routine inspections arose from Me. Dept. of Inland Fish and Wildlife Reg. 20.04(3), which the District Court held violates the Fourth Amendment. The constitutionality of that regulation is not an issue in this appeal.

The entry is:

Judgments of conviction affirmed.