MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2013 ME 44
Docket:        Pen-12-275
Argued:        April 11, 2013
Decided:       May 7, 2013

Panel:         SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, and JABAR, JJ.

STATE OF MAINE

v.

MATTHEW T. COLLIER

GORMAN, J.

[¶1]   The State of Maine appeals from a decision of the trial court (*Cuddy, J.*) granting Matthew T. Collier's motion to suppress evidence obtained from a stop of his vehicle that resulted in a criminal complaint charging Collier with operating under the influence (Class D), 29-A M.R.S. § 2411(1-A)(A), (1-A)(B)(1), (5)(B) (2012).  The State argues that the court erred in concluding that the officer completed a stop of Collier's vehicle.  We vacate the order suppressing the evidence.

I.  BACKGROUND

[¶2]   Viewing the evidence in the light most favorable to the court's order, the following facts were established at the suppression hearing.  *See State v. Bailey*, 2012 ME 55, ¶ 3, 41 A.3d 535.  Shortly after 1 a.m. on October 1, 2011, a Maine State Police Trooper, who had a second trooper in his vehicle, noticed that a

vehicle he had been following for a mile or two had pulled into a business park in Bangor. Because he believed that all the businesses in that business park were closed, the trooper also turned into the park. Almost immediately, the trooper saw Collier, the driver of the vehicle, pull into a parking area for one of the businesses. The trooper drove slowly past Collier's vehicle, turned around in the parking area for the next business, and then drove back toward Collier. As the trooper was driving back, he noted that Collier's car was parked, and saw Collier getting out of his vehicle and then walking toward the front of his car, which was pointed toward the road within the park on which the trooper was traveling. The trooper stopped the cruiser near the area where Collier's vehicle was stopped and asked Collier through the cruiser's open driver-side window, "What's going on?" At that time, the trooper was approximately ten feet from Collier.

[¶3] Collier stated that he thought he had a headlight out. The trooper, who did not see anything wrong with the headlights, got out of his cruiser. As soon as he did so, he noticed the smell of alcohol coming from Collier. The trooper next asked Collier where he was coming from. Collier answered that he had just left a bar and that he was switching drivers because he had had too much to drink. The trooper performed field sobriety tests on Collier and ultimately arrested him for operating under the influence.

[¶4]  Collier pleaded not guilty to the resulting charge of operating under the influence (Class D), 29-A M.R.S. § 2411(1-A)(A), (1-A)(B)(1), (5)(B), and moved to suppress all evidence obtained from the stop of his vehicle for lack of reasonable articulable suspicion.[1]  *See* M.R. Crim. P. 41A.

[¶5]  After a testimonial hearing, the court agreed with Collier that the trooper had stopped Collier's vehicle without the required reasonable articulable suspicion.  The court reasoned:

> If one is practical, . . . when a State Police car is following another car and follows it into a—a business park, whatever it is, there is certainly a—an implied urgency to get off the road and allow the State Policeman to go wherever he's gonna go.  But to—to stop your car when you have a State Policeman following you is not either un— irrational, nor is it unreasonable, nor does it, in fact, reflect voluntary conduct.  From the Court's standpoint, with or without lights, if you're being followed by a police car it is reasonable that you stop your vehicle as part of the process.  And particularly perhaps in the middle of the night. . . . And there was if not an explicit lights on, siren on stop, there was clearly an implicit stop in response to the status of the car following as a State Policeman.  And I think the response was an appropriate response, which is State Policeman's following him, he pulled over and he pulled in the parking lot and he stopped.

---

[1]  Collier also challenged whether there was probable cause to support his arrest; the court later determined that there was, and that portion of the decision is not a subject of this appeal.  In a separate motion, Collier moved in limine to exclude the results of the blood alcohol test, but the court has not yet ruled on that motion.

4

With the approval of the Attorney General pursuant to 15 M.R.S. § 2115-A(1) (2012), the State filed this timely appeal.[2]

## II. DISCUSSION

[¶6]  It is well-established that a police officer lawfully may stop, that is, 'seize,' a person only when the officer has "an objectively reasonable, articulable suspicion that criminal conduct has taken place, is occurring, or imminently will occur."  *State v. Whitney*, 2012 ME 105, ¶ 9, 54 A.3d 1284 (quotation marks omitted); *see* U.S. Const. amend IV; Me. Const. art. I, § 5.  Here, the State does not dispute that there was insufficient evidence of any reasonable articulable suspicion to support a stop of Collier's vehicle.[3]  Rather, the State argues that the court erred in determining that the trooper's interaction with Collier constituted such a seizure. As the unsuccessful party with the burden of proof before the suppression court, it is now the State's burden to demonstrate that the trial court was compelled to make findings in its favor.  *See State v. Brown*, 675 A.2d 504, 505 (Me. 1996).  We review the grant or denial of a motion to suppress de novo as a matter of law, however.  *Id.*; *see Whitney*, 2012 ME 105, ¶ 9, 54 A.3d 1284.

---

[2]  Pursuant to 15 M.R.S. § 2115-A(1) (2012), the State may appeal a pretrial order suppressing evidence because it "has a reasonable likelihood of causing either serious impairment to or termination of the prosecution."

[3]  There is no dispute that the trooper did not notice any unusual operation of Collier's vehicle prior to making contact with Collier, nor any problems with Collier's ability to walk.

[¶7]  Not every contact between police and a citizen implicates the Fourth Amendment right to be free from unreasonable searches and seizures; "[a]n officer may approach a citizen and engage in a consensual conversation without effecting a detention for purposes of the Fourth Amendment, and thus need not have an articulable suspicion before engaging in that conversation."  *State v. Gulick*, 2000 ME 170, ¶ 17 n.7, 759 A.2d 1085 (quotation marks omitted); *see United States v. Mendenhall*, 446 U.S. 544, 552 (1980); *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968).  The Fourth Amendment is implicated only when an encounter results in a seizure of a person; such a seizure occurs when, "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."  *Mendenhall*, 446 U.S. at 554; *see Gulick*, 2000 ME 170, ¶ 10, 759 A.2d 1085.

[¶8]  Here, the court found that Collier was "seized" for purposes of the Fourth Amendment when he stopped after being followed into the business park by the trooper.  We disagree.  Whether a seizure occurred is evaluated according to an objective standard that depends on the officer's use of physical force or show of authority; relevant factors include, for example, "the threatening presence of several officers"; the display or use of a weapon; the use of physical touching or force; the "language or tone of voice indicating that compliance with the officer's request might be compelled"; whether the officer was blocking the defendant's

path to leave; the use of sirens, lights, or a loudspeaker; the display of a badge or wearing of a uniform; the location of the encounter; whether there was a chase; and whether the officer approaches on foot or in a vehicle.[4] *Mendenhall*, 446 U.S. at 554; *United States v. Dockter*, 58 F.3d 1284, 1286-87 (8th Cir. 1995); *State v. Preble*, 430 A.2d 553, 555-56 (Me. 1981); *State v. Ocasio*, 652 N.E.2d 907, 908 (N.Y. 1995).

[¶9]  The undisputed record makes clear that Collier was subject to no such force or show of authority.  As a matter of law, the mere fact that a trooper was driving behind Collier, even as Collier turned into an empty parking lot, cannot support the finding of a seizure.  Although "[a]rguably a driver might be somewhat nervous about, or even intimidated by, being followed on the highway by a police car," that anxiety does not create a seizure if the officer does not make other indications that the driver is not free to continue on his way.  *United States v. Langston*, 970 F.2d 692, 697-98 n.3 (10th Cir. 1992).  The court erred in determining that the trooper seized Collier by following him into a business park.

[¶10]  Even if the court had considered the interaction that occurred between the trooper and Collier after Collier pulled into the parking area, however, the record contains no facts that would support a finding of a seizure.  Although the

---

[4] Factors that are *not* relevant to this analysis include any uncommunicated subjective intention of the officer to eventually detain the defendant, whether the defendant makes any attempt to actually leave the encounter, and whether the officer tells the defendant he is free to leave.  *United States v. Mendenhall*, 446 U.S. 544, 554 n.6 (1980); *State v. Cilley*, 1998 ME 34, ¶ 7, 707 A.2d 79.

trooper was in uniform, in a marked police cruiser, accompanied by another trooper, and the first to speak to Collier, the undisputed facts establish that Collier had already stopped his vehicle before the trooper approached him; Collier appeared to be approaching the trooper's vehicle before the trooper even exited his vehicle; and the trooper did not show a badge or inform Collier he was not free to leave, employ the blue lights on the vehicle, use a siren or loudspeaker, block Collier's way out, touch Collier in any way, raise his voice to Collier or speak in an intimidating tone, display a weapon, or make any demand of or instruction to Collier.

[¶11]  As a matter of law, in the absence of some such physical force or show of authority, there was no intrusion on Collier's liberty or privacy that required any reasonable articulable suspicion, and any belief Collier may have had that he was not free to leave the encounter was objectively unreasonable. *See Mendenhall*, 446 U.S. at 554-55 (stating that no seizure occurred when police approached a woman in a public concourse at the airport, identified themselves, requested—but did not demand—that she produce some identification and her flight ticket, and asked her a series of questions); *United States v. Klinginsmith*, 25 F.3d 1507, 1509-10 (10th Cir. 1994) (finding no seizure when a state trooper followed the defendant's vehicle into a gas station); *State v. Cilley*, 1998 ME 34, ¶¶ 1-4, 707 A.2d 79 (vacating the grant of a suppression motion when game

8

wardens pulled over to the side of a rural road and the approaching vehicle stopped without any signal to do so from the wardens); *State v. Moulton*, 1997 ME 228, ¶¶ 1-3, 704 A.2d 361 (affirming the denial of a motion to suppress when a police officer observed a car stopped on the side of the road, pulled his cruiser alongside the car without activating his blue lights, looked through the windows into the stopped car, and spoke to the driver); *cf. State v. Chapman*, 495 A.3d 314, 315, 318 (Me. 1985) (finding that a seizure occurred when the police officer parked behind the defendant, "blocking any movement").  We therefore vacate that portion of the court's decision granting Collier's motion to suppress for lack of reasonable articulable suspicion.[5]

The entry is:

> Order suppressing evidence vacated.  Case remanded for entry of a judgment denying Collier's motion to suppress.

---

**On the briefs:**

R. Christopher Almy, District Attorney, and Tracy Collins Lacher, Asst. Dist. Atty., Prosecutorial District V, Bangor, for appellant State of Maine

Marvin H. Glazier, Esq., Vafiades, Brountas & Kominsky, LLP, Bangor, for appellee Matthew Collier

---

[5] We do not disturb that portion of the judgment addressing probable cause to arrest.

**At oral argument:**

Tracy Collins Lacher, Asst. Dist. Atty., for appellant State of Maine

Marvin H. Glazier, Esq., for appellee Matthew Collier

Penobscot County Unified Criminal Docket docket number CR-2011-3799
FOR CLERK REFERENCE ONLY