STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
Docket No.: CR-15-1199

STATE OF MAINE,

    Plaintiff,

v.

DAVID WHITING,

    Defendant

)
)
)
)
)
)
)
)
)
)
)
)

ORDER

  This matter came before the court for a hearing on August 11, 2015, on Defendant's Motion to Suppress. Defendant seeks to suppress the result of an analysis of his blood following an automobile accident.

  "Upon a motion to suppress the fruits of a warrantless search the State carries the burden of demonstrating by a preponderance of the evidence that an objective manifestation of consent was given by word or gesture by one bearing an appropriate relationship to the property searched." *State v. Fredette,* 411 A.2d 65, 68 (Me. 1979) (citations omitted). This burden is not met by a showing of no more than "a mere 'acquiescence to a claim of lawful authority." *State v. Cress,* 576 A.2d 1366, 1367 (Me. 1990) (quoting *Bumper v. North Carolina,* 391 U.S. 543, 548-49, 88 S. Ct. 1788, 20 L. Ed. 2d 797 (1968)). Rather, the State must prove that the consent was freely and voluntarily given and was not the product of express or implied coercion. *State v. Fredette,* 411 A.2d at 68.

  Voluntariness is a question of fact to be determined from the totality of the circumstances. *State v. Koucoules,* 343 A.2d 860, 873 (Me. 1974).

Based upon the record taken as a whole, the Court finds ample, competent evidence, which by substantially greater than a preponderance, supports the State's burden and militates against granting Defendant's motion.

Officer Brown testified that Mr. Whiting was alert, appropriately responsive and generally appeared sentient and aware, based on Officer Brown's interaction with Mr. Whiting as well as observing Mr. Whiting with other hospital staff. The circumstances and surrounding context leads one ineluctably to conclude that Mr. Whiting's acquiescence to a blood draw was not the result of express or implied coercion and that he gave consent knowingly.

Dr. Doiron testified for Defendant. Dr. Doiron is a clinical neuropsychologist, who first met Defendant on June 16, 2015 and reviewed the emergency room medical records from September 16, 2014, as well as the police report and other salient documents related to Mr. Whiting's medical history. Doiron also interviewed Mr. Whiting. Dr. Doiron concluded that Mr. Whiting suffered a mild traumatic brain injury as a result of the accident, which inhibited his ability to analyze the questions being put to him by Officer Brown.

Dr. Doiron's testimony was not persuasive with respect to Mr. Whiting's diminished capacity to give consent to the blood draw. Mr. Whiting scored a 15 on the Glasgow Coma Scale, which Doiron conceded on cross-examination is the highest score one can achieve, indicating best eye, verbal and motor responses. Dr. Doiron pointed out that the GCS is being called into question by medical-research literature, although Dr. Doiron did not offer for the Court's examination any such literature, nor did he further elaborate on that point. No other testimony was offered that could establish a causal connection between what Doiron referred to as Mr. Whiting's cooperative nature, which predated the injury, and a diminished capacity to provide meaningful consent to the blood draw. Likewise, although Doiron gave significance to Mr. Whiting's mistakes in answering questions on the night of his injury, such as his correct age, there was no testimony to establish how providing appropriate and responsive, albeit factually inaccurate statements, calls into question Mr. Whiting's consent to the blood draw. Dr. Doiron's testimony amounted to a disconnected constellation of observations and dubious conclusions, which ultimately ran contrary to every other meaningful and objectively verifiable measure of Mr. Whiting's ability to provide knowing consent free from coercion, such as his interaction with Officer Brown and the GCS score.

Under these circumstances, Defendant's Motion to Suppress the results of his blood analysis is DENIED.

SO ORDERED

Date: ___8/13/15___                                                          _____
                                                                                                    Lance E. Walker
                                                                                                    Justice, Superior Court

STATE OF MAINE
    vs
DAVID  WHITING
PO BOX 386
BATH ME 04530

DOB: 05/01/1937
Attorney: MATTHEW NICHOLS
         NICHOLS & WEBB PA
         1250 FOREST AVE UNIT 10
         PORTLAND ME 04103
         RETAINED 01/26/2015

Filing Document: CRIMINAL COMPLAINT
Filing Date: 02/27/2015

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No  CUMCD-CR-2015-01199

**DOCKET RECORD**

State's Attorney: MICHAEL MADIGAN

Major Case Type: MISDEMEANOR (CLASS D,E)

## Charge(s)

1   OUI (ALCOHOL)                                    **12/16/2014 BRUNSWICK**
Seq 12942 29-A  2411(1-A)(A)        **Class D**
   BROWN            / BRU

## Docket Events:

03/03/2015 Charge(s): 1
           TRANSFER -  PERMANENT TRANSFER EDI ON 03/03/2015 at 04:34 p.m.

           TRANSFERRED CASE: SENDING COURT CASEID WESDCCR201500092
           FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 02/27/2015

           Charge(s): 1
           HEARING -  ARRAIGNMENT SCHEDULED FOR 03/03/2015 at 08:30 a.m. in Room No.  1

           NOTICE TO PARTIES/COUNSEL
           Charge(s): 1
           HEARING -  ARRAIGNMENT WAIVED ON 01/26/2015

           Party(s):  DAVID WHITING
           ATTORNEY -  RETAINED ENTERED ON 01/26/2015

           Attorney: MATTHEW NICHOLS
03/03/2015 Charge(s): 1
           PLEA -  NOT GUILTY ENTERED BY COUNSEL ON 01/26/2015

           Charge(s): 1
           FINDING -  PERMANENT TRANSFER TRANSFERRED ON 03/03/2015

           CUMCD
03/05/2015 Charge(s): 1
           TRANSFER -  PERMANENT TRANSFER RECVD BY COURT ON 03/05/2015
           TERESA  SAWYER-BLACK , ASSISTANT CLERK
           WESDC CR-2015-092
03/05/2015 HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 05/21/2015 at 10:00 a.m. in Room No.  7

03/05/2015 Charge(s): 1

TRIAL - JURY TRIAL SCHEDULED FOR 06/22/2015 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL
05/04/2015 HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 05/04/2015

05/21/2015 HEARING - DISPOSITIONAL CONFERENCE HELD ON 05/21/2015
WILLIAM BRODRICK , JUSTICE
Attorney: MATTHEW NICHOLS
DA: MICHAEL MADIGAN
UNRESOLVED. CONTINUE TO MOTIONS. MOTION TO SUPPRESS TO BE FILED. PARTIES NOTIFIED.
05/21/2015 MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 05/21/2015

05/21/2015 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 06/09/2015 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL
06/04/2015 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 06/04/2015

TO CONTINUE MOTION HEARING 6-9-15. UNOPPOSED.
06/05/2015 MOTION - MOTION TO CONTINUE GRANTED ON 06/04/2015
NANCY MILLS , JUSTICE
COPY TO PARTIES/COUNSEL                                          MOTION TO
CONTINUE GRANTED. NO OBJECTION.
06/05/2015 Charge(s): 1
TRIAL - JURY TRIAL CONTINUED ON 06/04/2015
NANCY MILLS , JUSTICE
06/05/2015 HEARING - MOTION TO SUPPRESS EVIDENCE CONTINUED ON 06/04/2015
NANCY MILLS , JUSTICE
06/05/2015 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 08/11/2015 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL
06/05/2015 HEARING - MOTION TO SUPPRESS EVIDENCE NOTICE SENT ON 06/05/2015

08/11/2015 HEARING - MOTION TO SUPPRESS EVIDENCE HELD ON 08/11/2015
LANCE WALKER , JUDGE
Attorney: MATTHEW NICHOLS
DA: MICHAEL MADIGAN
Defendant Present in Court

FTR CR#1                                                        STATE CALLS
OFF. BROWN; STATE ADMITS EXHIBIT MTS-1; STATE RESTS. DEFENSE CALLS DR. DOIRON; DEFENSE
RESTS.
08/11/2015 MOTION - MOTION TO SUPPRESS EVIDENCE UNDER ADVISEMENT ON 08/11/2015
LANCE WALKER , JUDGE
08/11/2015 CASE STATUS - CASE FILE LOCATION ON 08/11/2015

W/ J. WALKER
08/13/2015 CASE STATUS - CASE FILE RETURNED ON 08/13/2015
DANIELLE MERRILL , ASSISTANT CLERK
08/13/2015 MOTION - MOTION TO SUPPRESS EVIDENCE DENIED ON 08/13/2015
LANCE WALKER , JUDGE
COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST: _____
                        Clerk