STATE OF MAINE
KENNEBEC, ss

UNIFIED CRIMINAL DOCKET
KEN-CR-16-0286


STATE OF MAINE

v.

**ORDER ON MOTION TO SUPPRESS**

DUSTIN TOWERS


Before the Court is a Motion to Suppress results of a lab analysis of urine taken from the Defendant without a warrant on October 16, 2016 by Drug Recognition Technician (DRT) Anthony Drouin. The State in this matter is represented by Assistant District Attorney Tyler LeClair and the Defendant is represented by Attorney Elizabeth Gray.

The pertinent facts are not in dispute. The Defendant was arrested by Officer Brett Lowell of the Augusta Police Department (APD) and brought to the APD for further testing after having been pulled over and subjected to field sobriety tests. He agreed to take a breath test which detected no alcohol.[1] There is no direct evidence on the record that either officer took the Defendant through the Implied Consent process before administering the Intoxylyzer test, and no Implied Consent Form was admitted in evidence. However, neither party has raised this issue in

---

[1] The motion challenged statements made by the Defendant as well as the urinalysis. The Court on July 20, 2017 ruled on the admissibility of statements from the bench and ordered briefing on the issue of the seizure of the urine. The State filed its memo on August 11, 2017 and the Defense filed its brief on September 1, 2017. The State had until September 8, 2017 to file a rebuttal but did not.

1

their briefing. The parties seem to agree that the issue before the Court is whether a warrant was required before the APD could lawfully seize the Defendant's urine and/or whether the Defendant consented to the seizure.

After hearing, the Court reviewed the parties' written arguments, as well as State's Exh. 1 which is a disc that shows the tests administered at the APD on October 15, 2016. Those tests included breath testing by Officer Lowell and the DRE evaluation conducted by Officer Drouin. For the reasons stated, the Motion to Suppress is denied.

## Findings and Conclusions

The Defendant's primary argument is that this Court should find as a matter of law that a warrant must be obtained before law enforcement is constitutionally permitted to seize urine from a person. The Defendant relies upon *Birchfield v. North Dakota,* 136 S.Ct. 2160, 2184 (2016) which held that a warrantless blood test may not be administered as a search incident to arrest of a suspected drunk driver. The Court in *Birchfield* did not, however, address whether warrantless urine tests were constitutional under this same exception to the warrant requirement. *Birchfield,* 136 S. Ct. at 2168, n. 1.

The State argues that this Court should find that urine tests are more akin to breath tests than they are to blood tests under the analysis established in *Birchfield.* The Defendant points to two cases decided after *Birchfield,* the first being *State v. Thompson,* 886 N.W.2d 224 (Minn. 2016), in which the Minnesota Supreme Court applied that analysis and concluded that a urine test is more akin to breath tests in terms of the physical intrusion involved and because urination is an inevitable and natural process. *Id.* at 230. However, the Minnesota Court also found that

2

because urine samples are left in the possession of State authorities, there remains the potential for the detection of private health information beyond alcohol and drug concentrations. It also found that because taking urine from a person involves the person having to perform a private bodily function in the presence of law enforcement, "weighty" privacy interests are implicated in the testing. The Court held that a warrantless urine test did not qualify as a search incident to a valid arrest of a suspected drunk driver. *Id.* at 233. Therefore, either a warrant was required or another exception to the warrant requirement must be established.

The second case relied upon by the Defense is the decision in *State v Wilson,* No. CR-16-638, 2017 Me. Super. LEXIS 107 (May 17, 2017). In that case the Superior Court relied upon *Thompson* to conclude that the warrantless taking of a urine sample would not be permitted under the 4th Amendment, absent exigent circumstances or consent.

This Court does not, however, have to reach its own conclusion as to whether *Birchfield* and/or *Thompson* compel the conclusion in *Wilson,* as the Court concludes in this case that the State has proven by a preponderance of evidence that the Defendant consented to the taking of his urine by Officer Drouin.

As the State noted in footnote 1 of its brief, the Defendant readily cooperates with Officer's Drouin's request for a urine test. He says "sounds good" and "Yeah that's fine" when asked about drinking water so he could produce urine for testing. Later in the interview he thanks the officer for the multiple cups of water he brings him, and on his own asks how much urine the officer needed to produce a valid result. He asks the officer if "you want me to go piss" to which the officer says "yes." The Defendant then says "ok" and as the State noted, "quickly sprung up from his chair and walked to the bathroom." (State's brief, pg. 4). The Court agrees that the evidence establishes by a preponderance of evidence that the Defendant's by his words and

3

conduct knowingly and voluntarily consented to provision of his urine without a warrant.[2] *State v. Boyd,* 2017 ME 36, ¶ 10, 156 A.3d 748, (quoting *State v. Bailey,* 2012 ME 55, ¶ 16; 41 A.3d 535).

The entry is: Defendant's Motion to Suppress seizure of his urine by Officer Drouin of the Augusta Police Department is DENIED.

10/30/17
**DATE**

**SUPERIOR COURT JUSTICE**

---

[2] The Court rejects Defendant's position that at most he "acquiesced" to the request. *State v. Cress,* 576 A.2d 1366 (Me. 1990). Throughout the interview the Defendant is friendly, cooperative, and frequently initiates and engages in small talk with the officers. His language and body language are evidence of much more than acquiescence. He comes across as someone almost eager to provide information to the police.