STATE OF MAINE             UNIFIED CRIMINAL DOCKET
KENNEBEC, SS.                 AUGUSTA
                                   DOCKET NO. CR-2017-802

STATE OF MAINE

V.                    **ORDER ON MOTION TO SUPPRESS**

DEREK B. ELVIN

Pending before the court is the Defendant's Motion to Suppress Evidence resulting from the taking of a urine sample from him on March 2, 2017. The motion was filed on August 11, 2017.[1] A hearing on the motion was held on November 28, 2017. The court received the testimony of Maine State Trooper Seth Allen, a certified drug recognition expert. Based on the Trooper's testimony, the court makes the following findings of fact.

On March 2, 2017, the Defendant was taken into custody after Augusta police responded to a scene on Route 201 at which the Defendant's vehicle was off the road and on the opposite side of the road. The officer at the scene observed 6 clues on the HGN (Horizontal Gaze Nystagmus) examination and multiple clues on the field sobriety tests, including the walk and turn and the one-leg stand.

---

[1] The Defendant also moved to suppress statements he made prior to being given *Miranda* warnings. At the hearing on the motion, the parties informed the court that they had resolved the motion to suppress statements to the extent that they agree that all statements made prior to the administration of *Miranda* warnings (i.e., up to 1:02:45 on the video) would not be admissible, unless they qualified as "spontaneous" statements by the Defendant. If a dispute arises as to whether a statement was "spontaneous," the court will decide that issue on a statement-by-statement basis.

The Defendant was brought to the Augusta Police Department where he performed a breath test using the intoxilyzer machine. The Defendant's BAC from the breath test was 0.00.

Suspecting that the Defendant had been under the influence of drugs, rather than alcohol, an Augusta police officer called Trooper Allen to come to the station and conduct a drug recognition examination of the Defendant. Trooper Allen complied with this request, and arrived at the Augusta Police Department about an hour, or perhaps slightly more than an hour, after the Defendant had been brought there.

Trooper Allen began the DRE by taking the Defendant's pulse, doing addition field sobriety tests, examining the Defendant's eyes, checking his muscle tone, etc. The Trooper then stated:[2]

> TROOPER: I'm going to need a urine sample.
> DEFENDANT: Yeah.
> TROOPER: Are you going to be able to give me one?
> DEFENDANT: Yes.
> TROOPER: Do you need to go now?
> DEFENDANT: No.

The Trooper continued with his DRE examination of the Defendant, and at some point, the Defendant was handed a cup, entered the bathroom, urinated into the cup in the presence of the Trooper, and signed the label of the cup. The Defendant did not affirmatively object to providing a urine sample, nor was he told that he could refuse to provide one. The Defendant was never affirmatively or expressly asked if he was willing to provide a urine sample.

---

[2] At least a portion of Trooper Allen's interaction with the Defendant was video recorded. The portion quoted above in the text was played by Defense Counsel at the November 28, 2017 hearing.

The sole issue before the court is whether the State has met its burden of proving by a preponderance of the evidence that the Defendant voluntarily consented to the taking of his urine sample. The State acknowledges that no search warrant was obtained for the urine sample and no exigent circumstances existed that obviated the need for a warrant.

Consent is a recognized exception to the warrant requirement, if it is freely and voluntarily given. It is the State's burden, by a preponderance of the evidence, to show "that an objective manifestation of consent was given by word or gesture." *State v. Boyd,* 2017 ME 36, ¶ 10, 156 A.3d 748 *quoting State v. Bailey,* 2012 ME 55, ¶ 16, 41 A.3d 535. In meeting this burden, the State must show "more than mere 'acquiescence to a claim of lawful authority.'" *State v. Cress,* 576 A.2d 1366, 1367 (Me. 1990) *citing and quoting Bumper v. North Carolina,* 391 U.S. 543, 549 (1968).

Based on the evidence presented at the hearing, the court is not convinced that the State has shown that the Defendant's compliance with Trooper Allen's statement that he was "going to need a urine sample," was an objective manifestation of consent, rather than simply "acquiescence to a claim of lawful authority." Here, the Defendant had been in custody for over an hour when Trooper Allen arrived at the police station. The Trooper proceeded to conduct the DRE examination, with which the Defendant cooperated. The Defendant was then told that a urine sample was "needed," and asked if he could provide one at that time. While it is true that a law enforcement officer is not legally obligated to inform a defendant that he has the right to refuse consent, the failure to do so is at least a factor to weigh in determining whether or not consent was, in fact, given. This is particularly true where the Trooper's statement did not take the form of a request for consent, but was an assertion of the "need" for a urine sample. The court finds that the Defendant's response in acknowledging the Trooper's

3

statement by saying, "Yeah," and confirming that he would be able to provide one (although not immediately) was ambiguous and was not, by a preponderance of the evidence, the objective manifestation of a voluntary consent, as opposed to the mere acquiescence to the Trooper's claim of authority. Likewise, the fact that the Defendant ultimately urinated into a cup and signed the label, does not establish consent. It only shows that he complied with the Trooper's declaration that a urine sample was needed. While one could infer that the Defendant consented because he did not object or refuse and provided a urine sample, it is the State's burden to prove a voluntary consent. Here, the evidence is support of a finding of voluntary consent is too ambiguous for the court to find that the State has met its burden.

## CONCLUSION

The entry is:

Defendant's Motion to Suppress Evidence as to the urine sample is GRANTED.

Dated: December 14, 2017

William R. Stokes
Justice, Superior Court