STATE OF MAINE                          UNIFIED CRIMINAL DOCKET
KENNEBEC, ss.                           DOCKET NO.-CD-CR-18-588


STATE OF MAINE


V.                                      **ORDER ON MOTION TO SUPPRESS**


KATIE J. EMMONS,
       Defendant

       This matter was heard by the undersigned on January 29, 2019 with respect to the Defendant's Motion to Suppress filed October 10, 2018. After hearing, the Court makes the following Findings of Fact and Conclusions of Law upon which the **Order** below is based[1]:

**I. Findings of Fact**:

       1. Defendant was arrested for operating a motor vehicle while under the influence of intoxicants on December 14, 2017 in Augusta, Maine By Officer Nyberg of the Augusta Police Department. Officer Nyberg called in fellow Officer Hutchins (hereinafter "Hutchins"), who has expertise in drug recognition concerning operators of motor vehicles suspected of being under the influence of some substance, to conduct a "drug influence evalution."

       2. Hutchins met with Ms. Emmons (hereinafter "Defendant") at approximately 11:15 a.m. in the booking room at the Augusta police station. The Defendant was quite distraught. The officer inquired of the Defendant "(W)hat are you scared about?" There was no audible answer. Defendant continued to cry and was quite difficult to understand on the video played during the hearing.

       3. Hutchins told the Defendant he would get her some water once another officer returned. Hutchins stated to the Defendant "You know why you were stopped, why you are here." Defendant indicated she did.

       4. Defendant informed Hutchins that she "really needed to pee." Hutchins responded by informing Defendant "Here's the deal **before you do that**. I need a urine sample from you, if you consent to it, ok?" (emphasis added). He paused,

---

[1] The issue as the undersigned understands from counsel is whether the Defendant "consented" to the taking of a urine sample from her or merely "acquiesced" to same. The Court unequivocally rejects any argument put forward by the State that the taking of a urine sample is justified as "a search incident to an arrest." *See, Riley v. California*, 134 S. Ct. 2473, 2488 (2014); *State v. Thompson*, 886 N.W. 2d 224 (Minn. 2016); *State v. Helm*, 901 N.W. 2d 57 (N.D. 2017); *State v. Wilson*, KEN-CD-CR-16-638 (*Stokes, J.*).

and then stated "If you are willing to consent to a urine test, I can get that taken care of right now." Hutchins told Defendant "I can read you implied consent, but that basically is going to tell you what will happen if you don't (submit to a urine test). Want me to read it to you?" Hutchins then proceeded to read to her the implied consent form.

5. Hutchins and the Defendant then got into a discussions concerning what the urine test would show, whether using a drug the day before would show up at present, etc. They also discuss a multitude of other "tests" the Defendant would undergo, including field sobriety tests, blood pressure test, pulse rate, her temperature, etc., that would tell Hutchins "whether (1) you are impaired, or (2) you are not impaired." Hutchins also informed Defendant there were seven different substances he could tell if she was being influenced by. The Defendant muttered "ok."

6. Hutchins also told her "(B)y no means am I going to tell you you must to go in there (presumably the bathroom) and submit to this..." but that by refusing she would be "charged with a refusal charge and they **may** do what's on that paper."(emphasis added). The Defendant indicated she needed to go to the bathroom. The officer said he was not "going to stop you from going to the bathroom" but that he wanted to give Defendant a couple of minutes to decide "unless you are literally are going to go in your pants right now." The Defendant replied that she had to pee. Hutchins replied "you are going to go right now...are you going to submit to or not?' The Defendant replied "I guess so." Defendant thereafter initialed some paperwork that Hutchins testified evidenced her willingness to consent to providing a urine sample for testing purposes. The paperwork was not offered into evidence. Hutchins also told Defendant concerning the implied consent form he read to her "(I)t's all administrative...you're not going to get another criminal charge out of this."

## II. Conclusions of Law:

7. The undersigned has already ruled that he is convinced that a warrantless taking of a urine sample would **not** be permitted under the 4ᵗʰ Amendment as a search incident to an arrest, absent exigent circumstances or consent. The undersigned thus concurs with Justice Stokes in his opinion in *State v. Wilson*, KEN-CD-CR-16-638. Accordingly, the Court has to determine whether the State has proven by a preponderance of the evidence that Defendant consented to providing a sample of her urine to law enforcement.

8. To demonstrate voluntary consent, the State must show "more than a mere acquiescence to a claim of lawful authority." *State v. Cress*, 576 A.2d 1366, 1367 (Me. 1990); the State needs to prove by a preponderance of the evidence that "an objective manifestation of consent was given by word or gesture." *State v. Boyd*, 2017 ME 36, ¶10.

9. It is clear to the Court that Defendant expressed that she badly needed to go to the bathroom. In response, the officer told her "Here's the deal. Before you do that I need a urine sample, if you consent to it." Both cases attached to the

Defendant's Motion to Suppress are easily distinguishable from the pending case insofar as there was no evidence in the *Wilson* case concerning the circumstances of the Defendant's alleged consent, and the Defendant was never told in the *Elvin* case that he could refuse to provide a sample, nor was he ever affirmatively or expressly asked if he was willing to provide a urine sample.

10. Regardless, in this case the Court is left to speculate whether Defendant provided a urine sample because that was the only way she believed she was going to be allowed to urinate in a timely fashion, or whether she was going to be allowed to urinate regardless of her decision to provide a urine sample and decided after being read implied consent that she affirmatively agreed to provide a sample of her urine. Defendant did not testify, and so this, depending upon the weight the Court would give the Defendant's testimony either way, is a close call in the undersigned's mind. However, one fact that is crystal clear is the Defendant told the officer at least twice that she needed to "pee", and the officer's response could be construed in a number of ways. Thus, the Court does not find that the State carried its burden of proof by a preponderance of the evidence that Defendant "consented" to providing a urine sample, and accordingly the Motion to Suppress is **granted,** i.e. the urine sample(s) and the corresponding chemical analysis of same is suppressed.

Date: 3/18/19

BY _____
    Robert E. Mullen, Deputy Chief Justice
    **Maine Superior Court**

Entered on the docket     3/18/19

3